**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| IRON WORKERS LOCAL 401 ANNUITY FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HUMANA INC., BRUCE D. BROUSSARD, and SUSAN M. DIAMOND,<br><br>Defendants. | Case No. 1:24-cv-00655-JLH<br><br>**CLASS ACTION** |

[Additional caption on following page.]

**OPENING BRIEF IN SUPPORT OF THE MOTION OF
SEB INVESTMENT MANAGEMENT AB FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL**

**Dated: August 2, 2024**

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
Gregory V. Varallo (DE Bar ID #2242)
Andrew Blumberg (DE Bar ID #6744)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com
andrew.blumberg@blbglaw.com

*Liaison Counsel for Proposed Lead Plaintiff
SEB Investment Management AB*

**KESSLER TOPAZ
 MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Geoffrey C. Jarvis (DE Bar ID #4064)
Jamie M. McCall
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
gjarvis@ktmc.com
jmccall@ktmc.com

*Counsel for Proposed Lead Plaintiff SEB
Investment Management AB and Proposed
Lead Counsel for the Class*

MANOJ MARATHE, Individually and on behalf of all others similarly situated,

      Plaintiff,

      v.

Humana Inc., Bruce D. Broussard, And Susan M. Diamond,

      Defendants.

Case No. 1:24-cv-00898-UNA

**<u>CLASS ACTION</u>**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .........................................................................................................................1

NATURE AND STAGE OF PROCEEDINGS .........................................................................3

SUMMARY OF THE ARGUMENT ........................................................................................4

STATEMENT OF FACTS .........................................................................................................5

ARGUMENT ...............................................................................................................................7

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED .......................................7

II.     SEB SATISFIES THE PSLRA'S REQUIREMENTS AND SHOULD BE
        APPOINTED AS LEAD PLAINTIFF...........................................................................8

        A.      SEB Has Timely Moved for Appointment as Lead Plaintiff.................................9

        B.      SEB Asserts the Largest Financial Interest in the Relief Sought by the
                Class ...................................................................................................................10

        C.      SEB Satisfies the Requirements of Rule 23............................................................10

                1.      SEB's Claims are Typical of Those of the Class......................................11

                2.      SEB Will Fairly and Adequately Protect the Interests of the Class...........11

III.    THE COURT SHOULD APPROVE SEB'S SELECTION OF COUNSEL ....................13

CONCLUSION...........................................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bhojwani v. Pistiolis*,
   Nos. 06 Civ. 13761(CM)(KNF), *et al.*,
   2007 WL 2197836 (S.D.N.Y. June 26, 2007) ...........................................................................1

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)............................................................................... *passim*

*SEB Inv. Mgmt. AB v. Endo Int'l., plc*,
   No. 17-3711,
   2019 WL 7163467 (E.D. Pa. Dec. 13, 2019).............................................................13

*In re Versata, Inc. Sec. Litig.*,
   Nos. C 001-1439 SI, *et al.*,
   2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ...............................................................12, 13

*Patel v. Coinbase Glob., Inc.*,
   Nos. 22-4915 (BRM) (LDW) *et al.*,
   2022 WL 17582549 (D.N.J. Dec. 12, 2022).......................................................................4, 8

*Wigginton v. Advance Auto Parts, Inc.*,
   C.A. No. 18-212 (MN),
   2018 WL 5729733 (D. Del. Nov. 2, 2018) .........................................................10, 11, 12, 13

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) ...............................................................................................11

Fed. R. Civ. P. 42(a) ...............................................................................................4, 8

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ................................12

SEB Investment Management AB ("SEB") respectfully submits this Opening Brief in support of its motion for: (1) consolidation of the above-captioned, related actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); (2) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approval of its selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class; and (4) such other and further relief as the Court may deem just and proper.

## INTRODUCTION

The Related Actions are federal securities class actions brought against Humana Inc. ("Humana" or the "Company") and certain of the Company's executive officers (collectively, "Defendants"), for violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and United States Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. The Related Actions are brought on behalf of a class of all persons and entities who purchased or otherwise acquired publicly traded Humana securities, including purchasers of common stock and call options and/or sellers of put options, between July 27, 2022, and January 24, 2024, inclusive (the "Class Period").[1] As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a). *See infra* Argument, Section I.

---

[1] For purposes of this motion, SEB refers to the broadest set of claims. *See, e.g., Bhojwani v. Pistiolis*, Nos. 06 Civ. 13761(CM)(KNF), *et al.*, 2007 WL 2197836, at *3 (S.D.N.Y. June 26, 2007), *R. & R. partially adopted*, No. 06 Civ. 13761(CM)(KNF), 2007 WL 9228588 (S.D.N.Y. July 30, 2007) (applying more inclusive class period for purposes of lead plaintiff appointment).

1

After consolidation, the PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)-(B). Pursuant to the PSLRA, a court must appoint the "most adequate plaintiff" as lead plaintiff, which is the movant that: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest among the movants seeking appointment as lead plaintiff; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (describing the PSLRA's process for selecting a lead plaintiff).

Here, SEB respectfully submits that it is presumptively the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. SEB's motion is timely and its losses of approximately $10,899,148.65 under a last-in, first-out ("LIFO") analysis in connection with its purchases of Humana common stock during the Class Period represent the largest known financial interest in the relief sought by the class. *See* Declaration of Andrew Blumberg in Support of the Motion of SEB Investment Management AB for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Blumberg Decl."), Exs. A & B. Additionally, SEB easily satisfies the relevant requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). SEB's claims are typical of all members of the class since it purchased Humana common stock during the Class Period at inflated prices caused by Defendants' material misrepresentations and omissions and, like other class members, suffered losses when the truth about Humana was disclosed. SEB also will fairly and adequately represent the class in the Related Actions. *See infra* Argument, Section II.

Further, as a sophisticated institutional investor with approximately $70 billion in assets under management as of December 31, 2023, SEB is the prototypical investor that Congress sought to lead class action securities lawsuits. *See Cendant*, 264 F.3d at 273 (finding that the "purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff") (citation omitted). SEB also has prior experience serving as a lead plaintiff in securities class action lawsuits, and, as a result, SEB fully understands the Lead Plaintiff's obligations and fiduciary duties to the class under the PSLRA and is willing and able to undertake those responsibilities to vigorously prosecute the Related Actions.

Finally, SEB has further demonstrated its adequacy to serve as Lead Plaintiff by retaining experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, SEB's selection of Kessler Topaz as Lead Counsel for the class should be approved. 15 U.S.C. § 78u-4(a)(3)(B)(v). Kessler Topaz, which filed the initial complaint, is a nationally recognized securities class action litigation firm that has an extensive history of prosecuting complex actions under the PSLRA and has recovered billions of dollars in damages for injured shareholders while serving as lead counsel. *See infra* Argument, Section III. Thus, the class can be assured of zealous representation if SEB's selection of Kessler Topaz as Lead Counsel for the class is approved. Accordingly, SEB respectfully requests that its selection of counsel be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## NATURE AND STAGE OF PROCEEDINGS

The Related Actions assert claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act on behalf of a class of all persons and entities who purchased or otherwise transacted in publicly traded Humana securities, including purchasers of common stock and call

3

options and/or sellers of put options, between July 27, 2022, and January 24, 2024. The Related Actions are in the preliminary stages of litigation and, pursuant to the PSLRA, require appointment of a Lead Plaintiff and Lead Counsel.

## SUMMARY OF THE ARGUMENT

1.      The PSLRA requires courts to address consolidation before selecting a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). In terms of consolidation, Rule 42(a) states that consolidation of actions before the court is appropriate if such actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Patel v. Coinbase Glob., Inc.*, Nos. 22-4915 (BRM) (LDW), *et al.*, 2022 WL 17582549, at *2 (D.N.J. Dec. 12, 2022) ("Consolidation is routinely granted where securities class actions involve common questions of law and fact, and consolidation will promote efficiency and avoid unnecessary costs or delay.") (citation and internal quotation marks omitted). SEB respectfully submits that consolidation is appropriate because the Related Actions assert claims under the Exchange Act against the same defendants during identical class periods for the same conduct.

2.      The PSLRA requires district courts to appoint the "most adequate plaintiff" as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B). SEB respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because: (1) SEB timely filed a motion; (2) to the best of SEB's knowledge, has the largest financial interest in the relief sought by the class; and (3) SEB will fairly and adequately represent the interests of the class. *See id.* § 78u-4(a)(3)(B)(iii)(I).

3.      The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v).

4

Accordingly, SEB respectfully requests that the Court approve its selection of Kessler Topaz as Lead Counsel for the class.

<u>**STATEMENT OF FACTS**</u>

Humana, a Delaware corporation with its principal executive offices in Louisville, Kentucky, is a health insurance company that provides medical benefit plans to approximately 17 million members. Humana offers individual Medicare plans (approximately 70% of the Company's retail revenues), group Medicare plans (approximately 8% of the Company's retail revenues), commercially fully-insured plans, and specialty medical benefit plans. Humana's common stock trades on the New York Stock Exchange under the ticker symbol "HUM." *See Iron Workers Loc. 401 Annuity Fund v. Humana Inc.*, *et al.*, No. 1:24-cv-00655-JLH (D. Del. filed June 3, 2024) (the "*Iron Workers Local 401* Action"), D.I. 1, ¶ 2.

The Related Actions allege that, during the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business and operations. Specifically, Defendants downplayed pressure on the Company's adjusted earnings per share ("EPS") resulting from increased medical costs associated with pent-up demand for healthcare procedures (especially as COVID concerns abated) which, contrary to the Company's assurances, resulted in increased utilization rates and costs for medical procedures on behalf of insureds. *See id.* ¶ 9.

The truth began to emerge on June 13, 2023, when UnitedHealth Group Inc. ("UnitedHealth"), one of Humana's primary health insurer competitors, revealed that it was seeing "higher levels" of outpatient care activity and suggested that higher utilization rates were due to "pent-up demand or delayed demand being satisfied." UnitedHealth further explained that it was "seeing very strong volumes" in certain areas, including ambulatory surgery, and an overall

"higher number of cases that are being performed." Given the similarities in Humana's and UnitedHealth's businesses, and the likelihood that Humana would also suffer increased utilization costs due to pent-up demand, the price of Humana common stock declined $57.63 per share, or more than 11%, from a close of $512.63 per share on June 13, 2023, to close at $455.00 per share on June 14, 2023. *See id.* ¶ 4.

Three days later, on June 16, 2023, Humana confirmed it also was seeing "higher than anticipated non-inpatient utilization trends, predominately in the categories of emergency room, outpatient surgeries, and dental services, as well as inpatient trends that have been stronger than anticipated in recent weeks, diverging from historical seasonality patterns." Although the Company re-affirmed its full year insurance segment benefits expense ratio guidance (a key measure of profitability) of between 86.3% and 87.3%, Humana warned investors that it "now expects to be at the top end of this full year range"—i.e., reduced profitability. Additionally, Humana explained that it now "assume[d] it will continue to experience moderately higher-than-expected trends for the remainder of the year." On this news, the price of Humana common stock declined $18.20 per share, or almost 4%, from a close of $463.85 per share on June 15, 2023, to close at $445.65 per share on June 16, 2023. *See id.* ¶ 5.

Following these initial admissions regarding escalating utilization rates, the Company announced additional increases in its expected medical costs. In August 2023, Defendants revealed that the utilization rate increases first disclosed in June had stabilized at the new higher levels. Then, on November 1, 2023, Defendants announced that the Company was increasing its benefits expense ratio for 2023 to approximately 87.5% (from a range of 86.3% to 87.3% projected earlier in the year), which implied a fourth quarter ratio of 89.5%. Despite this increase, Humana reaffirmed its 2023 adjusted EPS guidance of "at least" $28.25 per share. *See id.* ¶ 6.

On January 18, 2024, Humana preliminarily released its financial results for the fourth quarter and full year 2023, and shocked investors by revealing that its benefits expense ratio had increased to approximately 91.4% for the fourth quarter of 2023, and approximately 88% for the full year 2023. As a result, the Company's 2023 adjusted EPS were only $26.09 per share, or more than $2 per share less than what the Company had predicted in November 2023. In response to this announcement, the price of Humana common stock fell $35.78 per share, or approximately 8%, from a close of $447.76 per share on January 17, 2024, to close at $411.98 per share on January 18, 2024. *See id.* ¶ 7.

A week later, on January 25, 2024, the Company further shocked the market when it announced a loss for the fourth quarter of 2023, and stated that it expected increased medical costs would persist for all of 2024. As a result, Humana revealed that it expected full year 2024 adjusted EPS of only $16 per share (a $10 per share decrease from 2023 and well below analysts' expectations of $29 per share). In response to these revelations, the price of Humana common stock declined an additional $47.04 per share, or nearly 12%, from a close of $402.40 per share on January 24, 2024, to close at $355.36 per share on January 25, 2024. *See id.* ¶ 8.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. 78u-4(a)(3)(B)(ii).

Here, there are at least two related securities class actions asserting claims under the federal securities laws on behalf of investors against Defendants:

| Case Caption | Date Filed | Claims/Class Period |
|---|---|---|
| *Iron Workers Loc. 401 Annuity Fund v. Humana Inc., et al.*, No. 1:24-cv-00655-JLH (D. Del.) | June 3, 2024 | Sections 10(b) and 20(a) of the Exchange Act; July 27, 2022 through January 24, 2024 |
| *Marathe v. Humana Inc., et al.*, No. 1:24-cv-00898-UNA (D. Del.) | July 31, 2024 | Sections 10(b) and 20(a) of the Exchange Act; July 27, 2022 through January 24, 2024 |

Under Rule 42(a), consolidation of actions before the court is appropriate where the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Coinbase*, 2022 WL 17582549, at *2 ("Consolidation is routinely granted where securities class actions involve common questions of law and fact, and consolidation will promote efficiency and avoid unnecessary costs or delay.") (citation and internal quotation marks omitted).  Here, the Related Actions assert similar claims under the Exchange Act against the same defendants relating to substantially the same conduct during identical class periods.  Accordingly, the Related Actions involve common questions of law or fact and, therefore, should be consolidated.

## II.    SEB SATISFIES THE PSLRA'S REQUIREMENTS AND SHOULD BE APPOINTED AS LEAD PLAINTIFF

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).  First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice.  *See id*. § 78u-4(a)(3)(A)(i).  Within sixty days of the publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members.  *See id*. § 78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the "most adequate plaintiff" in any private action arising under the PSLRA is the movant that "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23."  *Id*. § 78u-4(a)(3)(B)(iii)(I).  The "most adequate plaintiff" presumption may be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. § 78u-4(a)(3)(B)(iii)(II).

Here, SEB is the "most adequate plaintiff" because it: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this motion.  *Id*. § 78u-4(a)(3)(B)(iii)(I).

### A.    SEB Has Timely Moved for Appointment as Lead Plaintiff

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed.  *See id*. § 78u-4(a)(3)(A)(i)(II).  On June 3, 2024, plaintiff Iron Workers Local 401 Annuity Fund, through its counsel Kessler Topaz, filed the initial complaint against Defendants, the *Iron Workers Local 401* Action.  That same day, Kessler Topaz published notice in *Business Wire*, alerting investors to the pendency of the *Iron Workers Local 401* Action and informing them of the August 2, 2024 deadline to seek appointment as Lead Plaintiff.  *See* Blumberg Decl., Ex. C.  Accordingly, SEB

has timely moved this Court for appointment as Lead Plaintiff on behalf of all members of the class.

**B.      SEB Asserts the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA adopts a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, SEB suffered losses of approximately $10,899,148.65 under a LIFO analysis in connection with its purchases of Humana common stock during the Class Period. *See* Blumberg Decl., Exs. A & B. To the best of its knowledge, SEB has the largest financial interest in this matter and is the presumptive "most adequate plaintiff." *See Cendant*, 264 F.3d at 243 ("The Reform Act establishes a presumption that the class member most capable of adequately representing the interests of class members is the shareholder with the largest financial stake in the recovery sought by the class.") (citation and internal quotation marks omitted).

**C.      SEB Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, a movant needs to make only a "*prima facie* showing of typicality and adequacy." *Cendant*, 264 F.3d at 263; *see also Wigginton v. Advance Auto Parts, Inc.*, C.A. No. 18-212 (MN), 2018 WL 5729733, at *4 (D. Del. Nov. 2, 2018) ("[a]t [the lead plaintiff] stage, the Court's inquiry need not be extensive and should only consider whether the movant has stated a *prima facie* case of typicality and adequacy under Rule 23.") (citations and internal quotation marks omitted).

### 1.      SEB's Claims are Typical of Those of the Class

The typicality requirement "consider[s] whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based." *Cendant*, 264 F.3d at 265 (citations and internal quotation marks omitted; alterations in original). Here, SEB satisfies the typicality requirement because, just like all other proposed class members, it seeks to recover for losses on its investments in Humana securities incurred as a result of Defendants' misrepresentations and omissions that resulted in subsequent declines in the price of Humana securities.  Thus, SEB's claims arise from the same conduct as those of the other class members, and SEB satisfies Rule 23's typicality requirement.  *See Advance Auto Parts*, 2018 WL 5729733, at *4 (finding that a lead plaintiff movant had satisfied the typicality requirement where its claims were "based on the same conduct and legal theories as the proposed class claims").

### 2.      SEB Will Fairly and Adequately Protect the Interests of the Class

The adequacy element of Rule 23 is satisfied where the lead plaintiff can "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  In evaluating whether a movant satisfies the adequacy requirement, courts consider whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class."  *Cendant*, 264 F.3d at 265 (citations omitted; alterations in original).

SEB is adequate because its interest in vigorously pursuing claims against Defendants—given SEB's substantial losses—is aligned with the interests of the members of the class who were similarly harmed as a result of Defendants' false and/or misleading statements.  There is no potential conflict between SEB's interests and those of the other members of the class, and SEB is

fully committed to vigorously pursuing the claims on behalf of the class. *See Advance Auto Parts*, 2018 WL 5729733, at *4-5 (finding that a lead plaintiff movant had satisfied the adequacy requirement because it had "a clear incentive to pursue the present claims against Defendants vigorously," had "retained adequate counsel to represent the entire class," and there was "no evidence of any conflicts between [the movant's] claims and those of the proposed class").

SEB has further demonstrated its adequacy through its selection of Kessler Topaz to serve as Lead Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action litigation in an efficient, effective, and professional manner. *See infra* Argument, Section III.

In addition to satisfying the requirements of Rule 23, SEB is a sophisticated institutional investor overseeing approximately $70 billion in assets under management as of December 31, 2023, and is the prototypical investor Congress sought to encourage to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because such investors typically are more apt to effectively manage complex securities litigation. *See* H.R. Conf. Rep. No. 104-369 at 34, *reprinted in* 1995 U.S.C.C.A.N. at 733-34. To this end, many courts have recognized a strong preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g.*, *Cendant*, 264 F.3d at 273 ("the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff"); *In re Versata, Inc. Sec. Litig.*, Nos. C 01-1439 SI, *et al.*, 2001

WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (finding that a movant's "institutional status is given great weight in assessing its adequacy as a plaintiff") (citing H.R. Conf. Rep. No. 104-369, at 34).

Moreover, SEB currently is serving as a lead plaintiff in securities class action litigation in *Ardalan v. Wells Fargo & Company*, No. 3:22-cv-03811-TLT (N.D. Cal.) and *City of Warwick Retirement System v. Catalent, Inc.*, No. 3:23-cv-01108-ZNQ-JTQ (D.N.J.), *see* Blumberg Decl., Ex. A, and thus fully understands the obligations and fiduciary duties to the class under the PSLRA and is willing and able to undertake those responsibilities to vigorously prosecute the Related Actions. Further, SEB has successfully served as lead counsel in PSLRA cases, obtaining significant recoveries for injured investors, including in cases litigated in this Circuit. *See, e.g., SEB Inv. Mgmt. AB v. Endo Int'l., plc*, No. 17-3711, 2019 WL 7163467, at *3-5 (E.D. Pa. Dec. 13, 2019) (approving $82.5 million settlement obtained by SEB as lead plaintiff; with Kessler Topaz serving as lead counsel).

In sum, SEB has demonstrated its willingness, resources, and commitment to supervise Lead Counsel and obtain the best possible recovery for the class.

## III.   THE COURT SHOULD APPROVE SEB'S SELECTION OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 276 ("the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Here, SEB has selected and retained Kessler Topaz to serve as Lead Counsel for the class. SEB's selection of counsel should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Advance Auto Parts*, 2018 WL 5729733, at *6 (finding "no basis . . . to disturb the PSLRA's 'strong presumption' in favor of a lead plaintiff's selection and retention of counsel").

13

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Blumberg Decl., Ex. D (Firm Profile of Kessler Topaz). The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery); *Luther v. Countrywide Financial Corp.*, No. 12-cv-5125 (MRP) (C.D. Cal.) ($500 million recovery); and *In re Snap Inc. Securities Litigation*, No. 17-cv-03679 (SVW) (C.D. Cal.) ($187.5 million recovery). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high-profile securities class actions, including: *In re SVB Financial Group Securities Litigation*, No. 23-cv-1097 (JD) (N.D. Cal.); *Kusen v. Herbert*, No. 23-cv-2940 (AMO) (N.D. Cal.) (First Republic Bank securities litigation); *Crews v. Rivian Automotive, Inc.*, No. 22-cv-1524 (JLS) (C.D. Cal.); *In re NVIDIA Corp. Securities Litigation*, No. 18-cv-7669 (HSG) (N.D. Cal.); *Sjunde AP-Fonden v. Goldman Sachs Group, Inc.*, No. 18-cv-12084 (VSB) (S.D.N.Y.); and *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions at the

14

time to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award at the time in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Finally, Kessler Topaz has already demonstrated its commitment to the prosecution of this case and to the protection of the class's interests through, among other things, its thorough pre-suit investigation into Defendants' conduct and its analysis of the merits of potential claims here.  This investigation resulted in Kessler Topaz filing the first complaint against Defendants on behalf of the class.  Thus, the Court may be assured that, in the event this motion is granted, the class will receive the highest caliber of legal representation available.  Accordingly, SEB's selection of counsel should be approved.

**CONCLUSION**

For the reasons stated herein, SEB respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint SEB as Lead Plaintiff; (3) approve its selection of Kessler Topaz as Lead Counsel for the class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  August 2, 2024

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Gregory V. Varallo*
Gregory V. Varallo (DE Bar ID #2242)
Andrew Blumberg (DE Bar ID #6744)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com

15

andrew.blumberg@blbglaw.com

*Liaison Counsel for Proposed Lead Plaintiff*
*SEB Investment Management AB*

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Geoffrey C. Jarvis (DE Bar ID #4064)
Jamie M. McCall
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
gjarvis@ktmc.com
jmccall@ktmc.com

*Counsel for Proposed Lead Plaintiff SEB*
*Investment Management AB and Proposed*
*Lead Counsel for the Class*

16