## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| IRON WORKERS LOCAL 401 ANNUITY FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>     v.<br><br>HUMANA INC., BRUCE D. BROUSSARD, and SUSAN M. DIAMOND,<br><br>   Defendants. | Case No. 1:24-cv-00655-JLH |
| MANOJ MARATHE, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>HUMANA INC., BRUCE D. BROUSSARD, and SUSAN M. DIAMOND,<br><br>   Defendants. | Case No. 1:24-cv-00898-UNA |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SAM HANDLER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

**PRELIMINARY STATEMENT**

Sam Handler ("Handler") respectfully moves this Court for consolidation of the above captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, for appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and for approval of his selection of counsel on behalf of a putative class of purchasers of Humana Inc. securities (as defined below).

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff, and provides a presumption that the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Handler believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Handler satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Handler respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Handler's selection of Glancy Prongay & Murray LLP as Lead Counsel and Phillips, McLaughlin & Hall, P.A. as Liaison Counsel for the class should be approved because GPM has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

1

I.    FACTUAL BACKGROUND

This is a class action on behalf of all persons and entities who purchased or otherwise acquired Humana Inc. ("Humana" or the "Company") securities between July 27, 2022 and January 24, 2024, inclusive (the "Class Period")

Humana is a health insurance company that provides medical benefit plans to approximately 17 million members. As is relevant here, Humana offers individual Medicare plans (approximately 70% of the Company's retail revenues), group Medicare plans (approximately 8% of the Company's retail revenues), commercially fully-insured plans, and specialty medical benefit plans.

The complaint filed in this action alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants: (1) downplayed pressures on the Company's adjusted EPS resulting from increased medical costs associated with pent-up demand for healthcare procedures (especially as COVID concerns abated) which, contrary to the Company's assurances, resulted in increased utilization rates and costs; and (2) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On June 13, 2023, one of Humana's primary competitors, UnitedHealth Group Inc. ("UnitedHealth") revealed that it was seeing "higher levels" of outpatient care activity due, potentially, to "pent-up demand or delayed demand being satisfied."

On this news, Humana's stock price fell $57.63, or 11.2%, to close at $455.00 per share on June 14, 2023, thereby injuring investors.

Then, on June 16, 2023, Humana confirmed that it was also experiencing "higher than anticipated non-inpatient utilization trends, predominately in the categories of emergency room,

2

outpatient surgeries, and dental services, as well as inpatient trends that have been stronger than anticipated in recent weeks, diverging from historical seasonality patterns." The Company further warned that it now expected reduced profitability and "assume[d] it will continue to experience moderately higher-than-expected trends for the remainder of the year."

On this news, Humana's stock price fell $18.20, or 3.9%, to close at $445.65 per share on June 16, 2023.

Then, on January 18, 2024, Humana released its fourth quarter and full year 2023 preliminary financial results, revealing that its benefits expense ratio had increased to approximately 91.4% for the fourth quarter of 2023 and approximately 88% for the full year 2023. As a result, the Company's 2023 adjusted EPS were more than $2 per share less than what the Company had previously predicted.

On this news, Humana's stock price fell $35.78, or 8%, to close at $411.98 per share on January 18, 2024.

Then, on January 25, 2024, Humana disclosed that it expected higher levels of medical costs for all of 2024, and, as a result, the Company expected 2024 adjusted EPS of $16 per share -- $10 less than the previous year and $13 below analysts' expectations.

On this news, Humana's stock price fell $47.04, or 11.7%, to close at $355.36 per share on January 25, 2024, thereby injuring investors further.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Handler and other class members have suffered significant losses and damages.

3

## II.      PROCEDURAL BACKGROUND

On June 3, 2024, Plaintiff Iron Workers Local 401 Annuity Fund commenced a class action lawsuit in this District against Humana and certain of its officers, captioned *Iron Workers Local 401 Annuity Fund v. Humana Inc., et al.*, Case No. 1:24-cv-00655 (the "*Iron Workers* Action").

On July 31, 2024, Plaintiff Manoj Marathe commenced a second substantially identical action against Humana in this District captioned *Marathe v. Humana Inc., et al.*, Case No. 1:24-cv-00898 (the "*Marathe* Action," and together with the *Iron Workers* Action, the "Related Actions").

## III.      ARGUMENT

### A.      The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal conclusions. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Dutton v. Harris Stratex Networks, Inc.*, No. 08-cv-755, 2009 WL 1598408, at *1 (D. Del. August 5, 2009) (consolidating actions where they "involve the same Defendants" and "involve[] nearly identical allegations regarding materially false and misleading statements").

### B.      Handler Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as

lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Handler satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Handler has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Handler is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Handler respectfully submits that he should be appointed lead plaintiff.

5

### 1.    Handler Filed a Timely Motion

On June 3, 2024, pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act, notice was published in connection with this action. *See* Declaration of John C. Phillips, Jr. ("Phillips Decl."), Exhibit ("Ex.") A.  Therefore, Handler had sixty days (*i.e.*, until August 2, 2024) to file a motion to be appointed as Lead Plaintiff.  As a purchaser of Humana shares during the Class Period, Handler is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Handler attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Phillips Decl., Ex. B. Accordingly, Handler satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2.    Handler Has the Largest Financial Interest

The PSLRA requires a court adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Handler believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Handler purchased Humana shares during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of $184,792.49. *See* Phillips Decl., Ex. C. To the best of his knowledge, Handler is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Handler believes he has the "largest financial interest in the relief

sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Handler Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the relevant inquiry is whether the movant has made a *prima facie* showing of typicality and adequacy. *See Wigginton v. Advance Auto Parts, Inc.*, No. 18-cv-212, 2018 WL 5729733, at *4 (D. Del. Nov. 2, 2018).

### a) Handler's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Merck & Co., Inc. Sec.*, No. 05-cv-1151, 2013 WL 396117, at *5 (D.N.J. Jan. 30, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.* at *7; *see also Wigginton*, 2018 WL 5729733, at *4.

7

Handler's claims are typical of the claims asserted by the proposed class. Like all members of the class, Handler alleges that Defendants' material misstatements and omissions concerning Humana's business, operations, and financial prospects violated the federal securities laws. Handler, like all members of the class, purchased Humana shares in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Handler's interests and claims are "typical" of the interests and claims of the class.

b)  **Handler Is an Adequate Representative**

The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Wigginton*, 2018 WL 5729733, at \*4; *see also In re Pharmaprint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 WL 31056813, at \*6 (D.N.J. Apr. 17, 2002).

Handler has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Phillips Decl., Ex. C. Handler is also not aware of any conflict between his claims and those asserted on behalf of the class. Handler resides in Chicago, Illinois and has been managing his own investments for approximately eight years. Handler works for Arbor Research & Trading LLC and has bachelor's degree in history from the University of California Los Angeles. As such, Handler is well-equipped to represent the class and should be appointed as lead plaintiff.

C.  **The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The PSLRA "evidences a strong

8

presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel." *Wigginton*, 2018 WL 5729733, at \*6 (quoting *Cendant*, 264 F.3d at 276). Here, Handler has selected Glancy Prongay & Murray LLP as lead counsel and Phillips, McLaughlin & Hall, P.A. as liaison counsel. GPM has successfully prosecuted numerous securities class actions on behalf of injured investors. As reflected by the firm's résumé, *see* Phillips Decl., Ex. D, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Handler's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Handler respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Related Actions (2) appointing Sam Handler as lead plaintiff; (3) approving Handler's selection of Glancy Prongay & Murray LLP as lead counsel and Phillips, McLaughlin & Hall, P.A. as liaison counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

DATED: August 2, 2024                    Respectfully submitted,

**PHILLIPS, MCLAUGHLIN & HALL, P.A.**

By:  */s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
Email: JCP@PMHDELaw.com

*Liaison Counsel for Lead Plaintiff Movant Sam Handler and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay

9

Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
        clinehan@glancylaw.com


*Counsel for Lead Plaintiff Movant Sam Handler*
*and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

10