## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IRON WORKERS LOCAL 401 ANNUITY FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> HUMANA INC., BRUCE D. BROUSSARD, and SUSAN M. DIAMOND, <br><br> Defendants. | C.A. No.: 24-cv-655-JLH <br><br> **CLASS ACTION** |
| MANOJ MARATHE, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HUMANA INC., BRUCE D. BROUSSARD, and SUSAN M. DIAMOND, <br><br> Defendants. | C.A. No. 24-cv-898-UNA <br><br> **CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MANOJ MARATHE FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL**

Dated: August 2, 2024

**FARNAN LLP**
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*[Proposed] Liaison Counsel for*
*Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for*
*Plaintiffs and the Class*

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ................................................................................ 1

ARGUMENT............................................................................................................................ 4

   I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...................................... 4

   II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF........................................... 5

       A.    Movant Is Willing to Serve as Class Representative ........................................ 6

       B.    Movant Has the Largest Financial Interest in the Action ................................. 6

       C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure.. ........................................................................................................ 6

       D.    Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ............................................................. 8

   III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED.......................... 8

CONCLUSION........................................................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Deering v. Galena Biopharma, Inc.*,
  No. 3:14-CV-00367-SI, 2014 WL 4954398 (D. Or. Oct. 3, 2014) ............................................ 1

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ...................................................................................... 7

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ...................................................................................... 1

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................ 7

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004) ..................................................................................... 6, 7

**Statutes**

15 U.S.C. §78u-4(a) ................................................................................................ passim

**Rules**

Fed. R. Civ. P. 23 ................................................................................................... 5, 6, 7

Fed. R. Civ. P. 42(a) ................................................................................................... 4, 5

Movant Manoj Marathe ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3)(B), 15 U.S.C. § 78u4-D(a)(3)(B), of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      consolidating the above-captioned actions;

(b)      appointing Movant as Lead Plaintiff for the class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the common stock, including purchasers of call options and sellers of put options[1] of Humana Inc. ("Humana" or the "Company") between July 27, 2022 and January 24, 2024, inclusive (the "Class Period"); and

(c)      approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and Farnan LLP ("Farnan") as Liaison Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on June 3, 2024 against the Company and certain of its officers for violations under the Exchange Act. That same day, an early notice was issued pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Farnan Decl., Ex. 1. The related action, *Marathe v. Humana Inc., et al.*, Case No. 1:24-cv-

---

[1] The action *Iron Workers Local 401 Annuity Fund v. Humana Inc. et al.,* No. 1:24-CV-00655-JLH ("*Iron Workers* Action"), includes only purchasers of common stock in its class definition. The later filed action, *Marathe v. Humana Inc. et al.,* No. 1:24-CV-0089 ("*Marathe* Action"), also includes those who purchased Humana call options or sold put options. Because a more inclusive class period is favored at the lead plaintiff stage, we utilize the latter definition. See *Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113–114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

00898 (D. Del.) (the "*Marathe* Action") was filed on July 31, 2024, alleging substantially similar claims under the Exchange Act against the same Defendants.

Defendant Humana is a health insurance company that provides medical benefit plans to approximately 17 million members. As is relevant here, Humana offers individual Medicare plans (approximately 70% of the Company's retail revenues), group Medicare plans (approximately 8% of the Company's retail revenues), commercially fully-insured plans, and specialty medical benefit plans.

The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts, about the Company's business and operations. Specifically, Defendants downplayed pressures on the Company's adjusted EPS resulting from increased medical costs associated with pent-up demand for healthcare procedures (especially as COVID concerns abated) which, contrary to the Company's assurances, resulted in increased utilization rates and costs.

Investors began to learn the truth about the pressures on the Company's profitability on June 13, 2023, when UnitedHealth Group Inc. ("UnitedHealth"), one of Humana's primary health insurer competitors, revealed that it was seeing "higher levels" of outpatient care activity and suggested that higher utilization rates were due to "pent-up demand or delayed demand being satisfied." UnitedHealth further explained that it was "seeing very strong volumes" in certain areas, including ambulatory surgery, and an overall "higher number of cases that are being performed." Given the similarities in Humana's and UnitedHealth's businesses, and the likelihood that Humana was also suffering from increased utilization and costs due to pent-up demand, the price of Humana common stock declined $57.63 per share, or more than 11%, from a close of $512.63 per share on June 13, 2023, to close at $455.00 per share on June 14, 2023.

Just three days later, on June 16, 2023, Humana confirmed that it also was seeing "higher than anticipated non-inpatient utilization trends, predominately in the categories of emergency room, outpatient surgeries, and dental services, as well as inpatient trends that have been stronger than anticipated in recent weeks, diverging from historical seasonality patterns." Although the Company re-affirmed its full year insurance segment benefits expense ratio guidance (a key measure of profitability) of between 86.3% and 87.3%, it warned investors that it "now expects to be at the top end of this full year range"—i.e., reduced profitability. Additionally, Humana explained that it now "assume[d] it will continue to experience moderately higher-than-expected trends for the remainder of the year." On this news, the price of Humana common stock declined $18.20 per share, or almost 4%, from a close of $463.85 per share June 15, 2023, to close at $445.65 per share on June 16, 2023.

Following these initial admissions regarding escalating utilization rates, the Company announced additional increases in its expected medical costs. In August 2023, Defendants revealed that the utilization rate increases first disclosed in June had stabilized at the new higher levels. Then, on November 1, 2023, Defendants announced that the Company was increasing its benefits expense ratio for 2023 to approximately 87.5% (from a range of 86.3% to 87.3% projected earlier in the year), which implied a fourth quarter ratio of 89.5%. Despite this increase, Humana reaffirmed its 2023 adjusted EPS guidance of "at least" $28.25 per share.

On January 18, 2024, Humana preliminarily released its financial results for the fourth quarter and full year 2023, and shocked investors by revealing that its benefits expense ratio had increased to approximately 91.4% for the fourth quarter of 2023 and approximately 88% for the full year 2023. As a result, the Company's 2023 adjusted EPS were only $26.09 per share, or more than $2 per share less than what the Company had predicted in November 2023. In response to

3

this announcement, the price of Humana common stock fell $35.78 per share, or approximately 8%, from a close of $447.76 per share on January 17, 2024, to close at $411.98 per share on January 18, 2024.

A week later, on January 25, 2024, the Company further shocked the market when it announced a loss for the fourth quarter of 2023 and stated that it expected the higher level of medical costs would persist for all of 2024. As a result, Humana revealed that it expected 2024 adjusted EPS of only $16 per share (a $10 per share decrease from 2023 and well below analysts' expectations of $29 per share). In response to these revelations, the price of Humana common stock declined an additional $47.04 per share, or nearly 12%, from a close of $402.40 per share on January 24, 2024, to close at $355.36 per share on January 25, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's shares, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15

U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

5

### A. Movant Is Willing to Serve as Class Representative

The Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* Farnan Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

During the Class Period, Movant suffered an approximate loss of $245,75685. *See* Farnan Decl., Ex. 3. Movant is not aware of any other movant that has a larger financial interest in Humana stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Each of Movant's claims share substantially similar questions of law and fact with the members of the class, and Movant's claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about Humana's business. Movant, as did all of the members of the class, purchased Humana shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

**D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interest of the class; or
>
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class have been discussed above, in Section C. Movant is not aware of any unique defenses that defendants could raise against him that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

Further, Movant is a sophisticated investor and has a CFA. He lives in San Francisco and works at a large, Fortune 500 Company.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and Farnan as Liaison Counsel. Rosen Law has been actively researching Movant's and the Class's claims, including commencing the *Marathe* Action, reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, both firms are

experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Farnan Decl., Exs. 4, 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving the Movant's selection of Rosen Law as Lead Counsel and Farnan LLP as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: August 2, 2024

Respectfully submitted,

**FARNAN LLP**

By: */s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*[Proposed] Liaison Counsel for*
*Plaintiff and the Class*

Laurence Rosen, Esq.
Phillip Kim, Esq.
**THE ROSEN LAW FIRM, P.A**.

9

275 Madison Avenue, 40th Floor
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenelgal.com

*[Proposed] Lead Counsel for
Plaintiff and the Class*

10