**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IRON WORKERS LOCAL 401 ANNUITY FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HUMANA INC., BRUCE D. BROUSSARD, and SUSAN M. DIAMOND,<br><br>Defendants. | C.A. No.: 24-cv-655-JLH<br><br>**CLASS ACTION** |
| MANOJ MARATHE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HUMANA INC., BRUCE D. BROUSSARD, and SUSAN M. DIAMOND,<br><br>Defendants. | Case No. 24-cv-898-JLH<br><br>**CLASS ACTION** |

**MANOJ MARATHE RESPONSE TO PENDING MOTIONS FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL**

i

Dated: August 16, 2024

**FARNAN LLP**
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*Counsel for Plaintiff Manoj Marathe*

**THE ROSEN LAW FIRM, P.A**.
Laurence Rosen
Phillip Kim
275 Madison Avenue, 40th Floor
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenelgal.com

*Counsel for Plaintiff Manoj Marathe*

ii

Plaintiff and Lead Plaintiff movant Manoj Marathe ("Mr. Marathe") submits this response to the competing motion for consolidation and appointment of lead plaintiff and lead counsel filed by SEB Investment Management AB ("SEB") D.I. 13.

Mr. Marathe concedes that he does not have the largest financial interest because SEB has larger losses than Mr. Marathe.

Mr. Marathe submits this response and the accompanying email chain (Farnan Decl., Ex. 1) in order to protect the interests of options investors, like Mr. Marathe. SEB seeks to be lead plaintiff over the consolidated action—which includes Mr. Marathe's complaint that explicitly defines the class to include options investors.

Movant's counsel reached out to SEB's counsel stating that Mr. Marathe did not intend to oppose SEB's lead plaintiff motion provided that SEB would include options investors' claims in the forthcoming consolidated amended complaint filed by SEB should SEB be appointed as lead plaintiff.  SEB's counsel, who is experienced in litigation of this type, provided a cagey and vague response indicating that SEB would represent interests of all "securities" purchasers of Humana. *See* Farnan Decl., Ex. 1. Given the ambiguity in SEB's response, the Court should require SEB to affirmatively state that it plans on specifically including options investors in the consolidated amended complaint. SEB, as lead plaintiff, owes a fiduciary duty to not only those who purchased Humana common stock, but also options investors like Mr. Marathe—particularly here where SEB seeks to consolidate Mr. Marathe's case and serve as Lead Plaintiff over Mr. Marathe's claims.

Contrary to SEB counsel's email chain, Mr. Marathe is not seeking to be a co-lead plaintiff nor his counsel seek co-lead counsel position. Mr. Marathe, who lost $245,756.85, is trying ensure that his and other class members who have losses that arise from options trading as alleged in Mr. Marathe's complaint, are included in a consolidated amended complaint. With that assurance, Mr.

1

Marathe has no opposition to SEB's lead plaintiff motion. If SEB did not transact in options and lacks standing to represent options, SEB is free to add named plaintiffs that transacted in options. "Moreover, the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004). Given that SEB's counsel issued the PSLRA early notice in this action (Dkt No. 20-1), they probably have no shortage of options investors that contacted them in which they can add to the consolidated amended complaint.

The Court has a "fiduciary responsibility as the guardian of the rights of the absentee class members." *Girsh v. Jepson*, 521 F.2d 153, 157 (2d Cir. 2008); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 246 F.3d 315, 316 (3d Cir. 2001) (courts rely on "principles of equity" to fulfill their "role as a fiduciary" in the class context). Additionally, in assessing a lead plaintiff movant under the PSLRA, the Court, must consider whether the lead plaintiff movant adequately represents the interests of the entire class. 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(cc).

Given this authority, the Court should require SEB to specifically include options investors in the consolidated amended complaint.

Dated: August 16, 2024                    Respectfully submitted,

Of Counsel:                               **FARNAN LLP**

Laurence Rosen, Esq.                      By: */s/ Brian E. Farnan*
Phillip Kim, Esq.                         Brian E. Farnan (Bar No. 4089)
**THE ROSEN LAW FIRM, P.A.**              Michael J. Farnan (Bar No. 5165)
275 Madison Avenue, 40th Floor            919 N. Market Street, 12th Floor
Telephone: (212) 686-1060                 Wilmington, DE 19801
Facsimile: (212) 202-3827                 Telephone: (302) 777-0300
Email: lrosen@rosenlegal.com              Facsimile: (302) 777-0301
Email: pkim@rosenelgal.com                Email: bfarnan@farnanlaw.com
                                          Email: mfarnan@farnanlaw.com

                                          *Counsel for Plaintiff Manoj Marathe*

2

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Brian E. Farnan*
Brian E. Farnan

4