**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IRON WORKERS LOCAL 401 ANNUITY FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HUMANA INC., BRUCE D. BROUSSARD, and SUSAN M. DIAMOND, <br><br> Defendants. | Case No. 1:24-cv-00655-JLH <br><br> **CLASS ACTION** |

[Additional caption on following page.]

**ANSWERING BRIEF IN FURTHER SUPPORT OF THE MOTION OF
SEB INVESTMENT MANAGEMENT AB FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTION**

**Dated: August 16, 2024**

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
Gregory V. Varallo (DE Bar ID #2242)
Andrew Blumberg (DE Bar ID #6744)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com
andrew.blumberg@blbglaw.com

*Liaison Counsel for Proposed Lead Plaintiff
SEB Investment Management AB*

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Geoffrey C. Jarvis (DE Bar ID #4064)
Jamie M. McCall
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
gjarvis@ktmc.com
jmccall@ktmc.com

*Counsel for Proposed Lead Plaintiff SEB
Investment Management AB and Proposed
Lead Counsel for the Class*

|  |  |
|---|---|
| MANOJ MARATHE, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>Humana Inc., Bruce D. Broussard, And Susan M. Diamond,<br><br>       Defendants. | Case No. 1:24-cv-00898-JLH<br><br>**<u>CLASS ACTION</u>** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

NATURE AND STAGE OF PROCEEDINGS .....................................................................3

SUMMARY OF THE ARGUMENT ...................................................................................3

COUNTERSTATEMENT OF FACTS ................................................................................4

ARGUMENT........................................................................................................................4

I.     SEB SHOULD BE APPOINTED AS LEAD PLAINTIFF .....................................4

       A.     SEB Has the Largest Financial Interest in the Related Actions...............5

       B.     SEB Satisfies the Requirements of Rule 23...............................................6

       C.     SEB's Selection of Lead Counsel Should Be Approved ...........................9

II.    THE COMPETING MOTION SHOULD BE DENIED ..........................................9

CONCLUSION....................................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)............................................................................. *passim*

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
63 F. Supp. 3d 394 (D. Del. 2014)..............................................................................5, 7

*Patel v. Coinbase Glob., Inc.*,
Nos. 22-4915 (BRM) (LDW), *et al.*,
2022 WL 17582549 (D.N.J. Dec. 12, 2022) ...........................................................1, 5

*SEB Inv. Mgmt. AB v. Endo Int'l., plc*,
No. 17-3711,
2019 WL 7163467 (E.D. Pa. Dec. 13, 2019)...............................................................8

*Soto v. Hensler*,
235 F. Supp. 3d 607 (D. Del. 2017)..........................................................................2, 8

*Vandevelde v. China Nat. Gas, Inc.*,
277 F.R.D. 126 (D. Del. 2011) ..................................................................................2, 7

*In re Versata, Inc. Sec. Litig.*,
Nos. C 01-1439 SI, *et al.*,
2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) .........................................................8

*Wigginton v. Advance Auto Parts*,
C.A. No. 18-212 (MN),
2018 WL 5729733 (D. Del. Nov. 2, 2018) ......................................................5, 7, 8, 9

**Statutes**

15 U.S.C. § 78u-4(a) .................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 42(a) ...........................................................................................................1

SEB Investment Management AB ("SEB"), which unquestionably has the largest financial interest of the movants in the Related Actions, respectfully submits this Answering Brief in further support of the Motion of SEB Investment Management AB for Consolidation of Related Actions,[1] Appointment as Lead Plaintiff, and Approval of Selection of Counsel (D.I. 13, the "Motion") and in opposition to the competing lead plaintiff motion filed by individual investor Manoj Marathe (D.I. 12).[2]

## INTRODUCTION

Under the PSLRA, there is a strong presumption that SEB is the "most adequate plaintiff" because it has, by far, the "largest financial interest" of any movant and has made a *prima facie* showing of its typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001) ("The PSLRA . . . instruct[s] [courts] to adopt a presumption that the most adequate plaintiff is the movant that has the largest financial interest in the relief sought by the class[.]"). That presumption can only be rebutted "upon proof" that SEB is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

***First***, with losses of approximately $10.9 million, SEB unquestionably possesses the largest financial interest in the litigation. *See Patel v. Coinbase Glob., Inc.*, Nos. 22-4915 (BRM) (LDW), *et al.*, 2022 WL 17582549, at *3 (D.N.J. Dec. 12, 2022) ("calculating the largest financial

---

[1]    No party opposes the consolidation of the above-captioned Related Actions. Under Rule 42(a), consolidation of actions before the court is appropriate where the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions assert similar claims under the Exchange Act against the same defendants relating to substantially the same conduct during identical class periods, and thus, consolidation should be granted.

[2]    Unless otherwise noted, all emphases are added, all internal citations and quotation marks are omitted, all capitalized, but undefined terms have the meanings ascribed to them in SEB's opening brief in support of the Motion, and all references to "D.I." refer to the docket numbers in the *Iron Workers Local 401* Action. Sam Handler, a movant, withdrew his motion. *See* D.I. 24.

interest in terms of absolute dollar loss"). All Lead Plaintiff movants concede that SEB has the largest loss. *See* D.I. 24 & D.I. 25

**Second**, SEB readily satisfies the typicality and adequacy requirements of Rule 23. *See* D.I. 14 at 10-13. SEB is a sophisticated, institutional investor with approximately $70 billion in assets under management as of year-end 2023 and has significant prior experience serving as a lead plaintiff under the PSLRA. *See* D.I. 14 at 12-13. Significantly, SEB is the only institutional movant before the Court in the Related Actions and thus, is the prototypical investor that Congress sought to encourage to serve as a lead plaintiff under the PSLRA. *See Soto v. Hensler*, 235 F. Supp. 3d 607, 616 (D. Del. 2017) (noting that the "[movant's] application is strengthened by the PSLRA's preference for institutional investors . . . as lead plaintiff").

**Third**, there is no "proof" that reasonably can be offered that SEB is atypical or inadequate to serve as Lead Plaintiff in the Related Actions. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *see also Cendant*, 264 F.3d at 268 ("the presumption may be rebutted *only* upon proof *by a member of the purported plaintiff class* that the presumptively most adequate plaintiff" is atypical or inadequate) (emphasis in original). Neither of the other Lead Plaintiff movants has sought to offer such proof because no such proof exists. *See* D.I. 24 & D.I. 25. Accordingly, SEB is entitled to appointment as Lead Plaintiff. *See Vandevelde v. China Nat. Gas, Inc.*, 277 F.R.D. 126, 134 (D. Del. 2011) ("Most importantly, the allegations upon which a rebuttal is based must comprise actual proof").

**Fourth**, SEB's selection of Kessler Topaz to serve as Lead Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 276 ("the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

2

For these reasons, SEB respectfully requests that the Court grant its Motion and deny the competing motions.

## NATURE AND STAGE OF PROCEEDINGS

On June 3, 2024, plaintiff Iron Workers Local 401 Annuity Fund, through its counsel Kessler Topaz, filed the *Iron Workers Local 401* Action and published notice of the *Iron Workers Local 401* Action pursuant to the PSLRA. A second securities class action complaint, *Marathe v. Humana Inc., et al.*, No. 1:24-cv-00898-JLH (D. Del.), was filed on July 31, 2024. Collectively, the Related Actions assert claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act on behalf of a class of all persons and entities who purchased or otherwise transacted in publicly traded Humana securities, including purchasers of common stock and call options and/or sellers of put options, between July 27, 2022, and January 24, 2024 (the "Class Period"). The Related Actions are in the preliminary stages of litigation and, pursuant to the PSLRA, require the appointment of a Lead Plaintiff and Lead Counsel.

On August 2, 2024, SEB timely filed the Motion seeking consolidation of the Related Actions, appointment as Lead Plaintiff in the Related Actions, and approval of SEB's selection of Kessler Topaz as Lead Counsel. D.I. 13. Motions seeking appointment as Lead Plaintiff were also filed by Manoj Marathe (D.I. 12) and Sam Handler (D.I. 17).

On August 16, 2024, Mr. Handler withdrew his motion for appointment as lead plaintiff. *See* D.I. 24.

## SUMMARY OF THE ARGUMENT

1. The PSLRA requires district courts to appoint the "most adequate plaintiff" as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B). SEB is indisputably the "most adequate plaintiff" under the PSLRA and must be appointed as Lead Plaintiff in the Related Actions. *Id.* SEB's Motion is

3

timely, it asserts the largest financial interest of any movant in this litigation, and it readily satisfies the requirements of Rule 23.  *See id.* § 78u-4(a)(3)(B)(iii)(I).  Additionally, SEB—the only institutional investor moving for appointment as Lead Plaintiff in the Related Actions—is the prototypical investor Congress sought to lead securities class action litigation.  Moreover, no party has or can offer "proof" to rebut SEB's presumptive status as the "most adequate plaintiff," and thus, the competing motion should be denied.  SEB's Motion should be granted, and SEB should be appointed as Lead Plaintiff and Kessler Topaz should be appointed as Lead Counsel.

## COUNTERSTATEMENT OF FACTS

In the Motion, SEB demonstrated that it suffered LIFO losses of approximately $10,899,148.65 and established that it is adequate and typical.  *See* D.I. 15-2.  In contrast, Mr. Marathe claimed losses of $245,756.85 (*see* D.I. 20-3) and Mr. Handler claimed losses of $184,792.49 (*see* D.I. 21-3) in their respective motions.  Mr. Handler has since withdrawn his motion for appointment as lead plaintiff.  *See* D.I. 24.

## ARGUMENT

### I.      SEB SHOULD BE APPOINTED AS LEAD PLAINTIFF

The PSLRA creates a strong, statutory presumption that the Lead Plaintiff, as the "most adequate plaintiff" in the litigation, is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumptive Lead Plaintiff then need only make a *prima facie* showing of typicality and adequacy under Rule 23.  *See Cendant*, 264 F.3d at 264 (limiting the court's inquiry to whether the movant has made a "*prima facie* case of typicality and adequacy").  The presumptive Lead Plaintiff's *prima facie* showing can only be rebutted upon "proof" that the presumptive Lead Plaintiff "will not fairly and adequately protect the interests of the class" or "is

4

subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, SEB is the presumptive "most adequate plaintiff" because it "has the largest financial interest" in this litigation. *Id*. § 78u-4(a)(3)(B)(iii)(I). Additionally, SEB's claims are typical of those of the class and, as a sophisticated institutional investor with substantial assets under management, SEB will fairly and adequately represent the interests of the class—a fact proven through SEB's history of vigorously prosecuting securities class action litigation on behalf of injured investors. *See* D.I. 14 at 11-13. Given that no proof can be offered to rebut SEB's presumptive status, SEB should be appointed as Lead Plaintiff. *See OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402 (D. Del. 2014) ("The Third Circuit has stressed that the [PSLRA] requires more than mere assertions in order to rebut the presumptive lead plaintiffs' status.").

### A.    SEB Has the Largest Financial Interest in the Related Actions

According to Third Circuit precedent, district courts should look to, *inter alia*, three factors to identify the movant with the largest financial interest in the litigation: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the [movant] during the class period; and (3) the approximate losses suffered by the [movant]." *Cendant*, 264 F.3d at 262. Critically, the third factor—a movant's approximate losses suffered— is afforded the most weight. *See Wigginton v. Advance Auto Parts*, C.A. No. 18-212 (MN), 2018 WL 5729733, at *3 (D. Del. Nov. 2, 2018) ("Courts in this Circuit have afforded the third factor the most weight."); *Patel*, 2022 WL 17582549, at *3 (identifying the most adequate plaintiff by "follow[ing] the more commonly accepted . . . practice of calculating the largest financial interest in terms of absolute dollar loss").

5

Here, SEB clearly has the largest financial interest in the Related Actions based on its Class Period transactions in Humana securities:

| Movant | Reported Loss |
|---|---|
| **SEB** [D.I. 15-2] | **$10,899,148.65** |
| Marathe [D.I. 20-3] | $245,756.85 |
| ~~Handler~~ ~~[D.I. 21-3]~~ | ~~$184,792.49~~ |

Moreover, with respect to the other two factors that have been addressed by courts in this Circuit (*i.e.* the number of shares purchased and total net funds expended), *see Cendant*, 264 F.3d at 262, SEB purchased significantly more shares and expended substantially more funds on its class period transactions of Humana securities than Mr. Marathe:

| Movant | Shares Purchased | Net Funds Expended |
|---|---|---|
| **SEB** [D.I. 15-2] | **146,918** | **$27,823,974.60** |
| Marathe [D.I. 20-3] | 2,500 | $1,125,000.00 |
| ~~Handler~~ ~~[D.I. 21-3]~~ | ~~2,357~~ | ~~$877,346.62~~ |

Thus, SEB unquestionably has the "largest financial interest in the relief sought by the class" and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**B.     SEB Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of this litigation, SEB satisfies the requirements of Rule 23. *See id*. § 78u-4(a)(3)(B)(iii)(I)(cc).  In order to overcome SEB's presumptive status as Lead Plaintiff, the PSLRA provides that "the presumption may be

rebutted *only* upon proof *by a member of the purported plaintiff class* that the presumptively most adequate plaintiff" is atypical or inadequate.  *Cendant*, 264 F.3d at 268 (emphasis in original); *see also OFI*, 63 F. Supp. 3d at 402 ("The Third Circuit has stressed that the [PSLRA] requires more than mere assertions in order to rebut the presumptive lead plaintiffs' status."); *Vandevelde*, 277 F.R.D. at 134 ("Most importantly, the allegations upon which a rebuttal is based must comprise actual proof").  No such proof exists in this case, and there can be no credible arguments to the contrary.

As demonstrated in its opening brief, SEB's claims are typical of the claims of the class.  *See* D.I. 14 at 11.  Specifically, SEB purchased Humana common stock during the Class Period and incurred losses on its investments as a result of the declines in the price of Humana securities due to the revelation of Defendants' misrepresentations and omissions.  *See id.*; *Advance Auto Parts*, 2018 WL 5729733, at *4 (finding that a lead plaintiff movant had satisfied the typicality requirement where its claims were "based on the same conduct and legal theories as the proposed class claims").

SEB also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  SEB's incentive to vigorously pursue the claims against Defendants to recover its substantial losses in Humana securities do not conflict with the interests of other class members.  *See id*. § 78u-4(a)(3)(B)(iii)(II).  Indeed, the interests of SEB and other class members are directly aligned because SEB and other class members suffered damages from their purchases of Humana securities that were artificially inflated by Defendants' misconduct.

SEB also has demonstrated its adequacy by retaining Kessler Topaz—counsel that is highly experienced in prosecuting securities class actions and efficiently managing complex litigation—

to serve as Lead Counsel for the class. *See Advance Auto Parts*, 2018 WL 5729733, at *4-5 (finding that a lead plaintiff movant had satisfied the adequacy requirement because it had "a clear incentive to pursue the present claims against Defendants vigorously," had "retained adequate counsel to represent the entire class," and there was "no evidence of any conflicts between [the movant]'s claims and those of the proposed class"). Further, SEB has previously obtained significant recoveries on behalf of injured investors while serving as a lead plaintiff under the PSLRA, including in cases litigated in this Circuit. *See, e.g., SEB Inv. Mgmt. AB v. Endo Int'l., plc*, No. 17-3711, 2019 WL 7163467, at *3-5 (E.D. Pa. Dec. 13, 2019) (approving $82.5 million settlement obtained by SEB as lead plaintiff; with Kessler Topaz serving as lead counsel). SEB's prior experience will undoubtedly benefit the class.

Finally, SEB is the only institutional investor seeking appointment as Lead Plaintiff in the Related Actions. With approximately $70 billion in assets under management as of year-end 2023, SEB is exactly the type of sophisticated, institutional investor that Congress sought to encourage to lead securities class action litigation through its enactment of the PSLRA. *See Cendant*, 264 F.3d at 273 ("the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff"); *see also Soto*, 235 F. Supp. 3d at 616 (noting that the "[movant's] application is strengthened by the PSLRA's preference for institutional investors . . . as lead plaintiff"); *In re Versata, Inc. Sec. Litig*., Nos. C 01-1439 SI, *et al*., 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (finding that a movant's "institutional status is given great weight in assessing its adequacy as a plaintiff").

Therefore, SEB—as the presumptively "most adequate plaintiff" asserting the largest financial interest in the Related Actions—readily meets the requirements of Rule 23 and should be appointed as Lead Plaintiff under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C. SEB's Selection of Lead Counsel Should Be Approved

The PSLRA grants the lead plaintiff with the power to select and retain counsel for the class, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the plaintiff class." *Cendant*, 264 F.3d at 274, 276 ("the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

SEB has selected Kessler Topaz as proposed Lead Counsel for the class. Kessler Topaz is among the preeminent securities class action law firms in the country and has already demonstrated its commitment to prosecuting the claims against Defendants through its extensive pre-suit investigation and the filing of the initial class action lawsuit against Defendants (the *Iron Workers Local 401* Action), which triggered the PSLRA's lead plaintiff process. *See* D.I. 1; *Advance Auto Parts*, 2018 WL 5729733, at *6 (appointing Kessler Topaz as lead counsel and noting that "Kessler Topaz has extensive experience in securities fraud litigation, as well other types of class actions, and it has served as lead (or co-lead) counsel in many cases over the last 20 years").

## II. THE COMPETING MOTION SHOULD BE DENIED

As set forth above, SEB asserts the largest financial interest of any movant (or former movant), has established its adequacy and typicality, and there is no "proof" to rebut SEB's presumptive status as the most adequate plaintiff under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut the presumption); *see Cendant*, 264 F.3d at 268 ("the presumption may be rebutted *only* upon proof *by a member of the purported plaintiff class* that the presumptively most adequate plaintiff" is atypical or inadequate) (emphasis in original); *Advance Auto Parts*, 2018 WL 5729733, at *2 (same). Thus, as the unrebutted "most adequate plaintiff," SEB should be appointed as Lead Plaintiff and the competing motion should be denied.

## CONCLUSION

For the reasons stated herein, SEB respectfully requests that the Court grant its Motion and: (1) consolidate the Related Actions; (2) appoint SEB as Lead Plaintiff; (3) approve its selection of Kessler Topaz as Lead Counsel for the class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  August 16, 2024

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP

*/s/ Gregory V. Varallo*
Gregory V. Varallo (DE Bar ID #2242)
Andrew Blumberg (DE Bar ID #6744)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com
andrew.blumberg@blbglaw.com

*Liaison Counsel for Proposed Lead Plaintiff
SEB Investment Management AB*

KESSLER TOPAZ
  MELTZER & CHECK, LLP
Naumon A. Amjed (DE Bar ID #4481)
Geoffrey C. Jarvis (DE Bar ID #4064)
Jamie M. McCall
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
gjarvis@ktmc.com
jmccall@ktmc.com

*Counsel for Proposed Lead Plaintiff SEB
Investment Management AB and Proposed
Lead Counsel for the Class*

10