# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| IRON WORKERS LOCAL 401 ANNUITY FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>HUMANA INC., BRUCE D. BROUSSARD, and SUSAN M. DIAMOND,<br><br>    Defendants. | Case No. 1:24-cv-00655-JLH<br><br>**CLASS ACTION** |

[Additional caption on following page.]

**REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION OF
SEB INVESTMENT MANAGEMENT AB FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTION**

**Dated: August 23, 2024**

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
Gregory V. Varallo (DE Bar ID #2242)
Andrew Blumberg (DE Bar ID #6744)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com
andrew.blumberg@blbglaw.com

*Liaison Counsel for Proposed Lead Plaintiff
SEB Investment Management AB*

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Geoffrey C. Jarvis (DE Bar ID #4064)
Jamie M. McCall
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
gjarvis@ktmc.com
jmccall@ktmc.com

*Counsel for Proposed Lead Plaintiff SEB
Investment Management AB and Proposed
Lead Counsel for the Class*

|  |  |
|---|---|
| MANOJ MARATHE, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>Humana Inc., Bruce D. Broussard, And Susan M. Diamond,<br><br>      Defendants. | Case No. 1:24-cv-00898-JLH<br><br>**<u>CLASS ACTION</u>** |

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ........................................................................................ 1

II.   ARGUMENT ................................................................................................................... 2

      A.   SEB's Appointment Is Unopposed ........................................................................ 2

      B.   SEB Has the Right to Direct this Action .............................................................. 3

III.  CONCLUSION ................................................................................................................ 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
No. 09 MDL 2058(DC),
2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010)......................................................................4, 6, 8

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
No. 10 Civ. 275(PKC),
2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011).................................................................4, 5, 6, 8

*Blue Chip Stamps v. Manor Drug Stores*,
421 U.S. 723 (1975).................................................................................................................2

*In re Boeing Co. Aircraft Sec. Litig.*,
No. 19 CV 2394,
2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ................................................................. *passim*

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)....................................................................................................2

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
343 F. Supp. 3d 394 (S.D.N.Y. 2018)...................................................................................3, 5

*Freudenberg v. E\*Trade Fin. Corp.*,
Nos. 07 Civ. 8538, *et al.*,
2008 WL 2876373 (S.D.N.Y. July 16, 2008) ...........................................................................2

*Fry v. UAL Corp.*,
895 F. Supp. 1018 (N.D. Ill. 1995) ..........................................................................................2

*Girsh v. Jepson*,
521 F.2d 153 (3d Cir. 1975).....................................................................................................7

*Hevesi v. Citigroup Inc.*,
366 F.3d 70 (2d Cir. 2004).................................................................................................1, 3

*Kabak v. Becton, Dickinson & Co.*,
No. 20-2155 (SRC),
2020 WL 3056281 (D.N.J. June 9, 2020) .................................................................................7

*Khan v. ChargePoint Holdings, Inc.*,
Nos. 23-cv-06172-PCP, *et al.*,
2024 WL 2261948 (N.D. Cal. May 16, 2024) ..........................................................................2

*In re Orthopedic Bone Screw Prods. Liab. Litig.*,
    246 F.3d 315 (3d Cir. 2001)....................................................................................................7

*N.Y. State Tchrs.' Ret. Sys. v. Gen. Motors Co.*,
    315 F.R.D. 226 (E.D. Mich. 2016) .......................................................................................5

*Waters Techs. Corp. v. Aurora SFC Sys. Inc.*,
    No. 11-708-RGA,
    2012 WL 13167829 (D. Del. Apr. 20, 2012).....................................................................3, 4

**Statutes**

15 U.S.C. § 78u-4(a) ...................................................................................................................2

SEB Investment Management AB, the presumptive most adequate plaintiff pursuant to the PSLRA, respectfully submits this Reply in further support of its Motion (D.I. 13) and in response to Mr. Marathe's filings (D.I. 25; D.I. 26; D.I. 28).[1]

## I.    PRELIMINARY STATEMENT

SEB's appointment is unopposed.  Recognizing that the PSLRA compels the appointment of SEB, Mr. Marathe does not challenge SEB's appointment as Lead Plaintiff in any manner, but instead demands that the Court "require SEB to affirmatively state that it plans on specifically including options investors in the consolidated amended complaint."  D.I. 25 at 1.  There is no basis under the PSLRA for imposing any conditions on SEB's ability to prosecute this action, including what claims to bring and which investors to include.  *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 n.13 (2d Cir. 2004) (noting that the PSLRA was enacted, in large part, to "empower one or several investors with a major stake in the litigation to exercise control over the litigation *as a whole*"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at *10 (N.D. Ill. Nov. 15, 2019) ("A lead plaintiff, to be sure, 'is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class.'").

SEB is committed to zealously representing all investors with viable claims who were injured by the Defendants' misconduct during the Class Period.  SEB's counsel provided this exact assurance to Mr. Marathe's counsel, stating that SEB intends to bring claims on behalf of investors of Humana "securities" and that "SEB is committed to representing all Humana investors with

---

[1]    Unless otherwise noted, all emphases are added, all internal citations and quotation marks are omitted, all capitalized, but undefined terms have the meanings ascribed to them in SEB's opening brief in support of the Motion (D.I. 14) or answering brief in further support of the Motion (D.I. 27), and all references to "D.I." refer to the docket numbers in the *Iron Workers Local 401* Action.

viable claims - including option traders." D.I. 26-1. There is nothing ambiguous, cagey, or vague about this response.[2] Given SEB's counsel's clear response to Mr. Marathe's counsel, and the wealth of precedent empowering the lead plaintiff—and lead plaintiff alone—to manage this litigation, SEB should be appointed Lead Plaintiff in the Related Actions and this Court should refuse Mr. Marathe's demand that he be permitted to interfere with Lead Plaintiff's right to manage the litigation.

## II.     ARGUMENT

### A.     SEB's Appointment Is Unopposed

Mr. Marathe concedes SEB's dominant financial interest in this litigation. *See* D.I. 25 at 1 ("Mr. Marathe concedes that he does not have the largest financial interest because SEB has larger losses than Mr. Marathe."). Mr. Marathe also makes no arguments challenging SEB's adequacy or typicality. *See id.* As a result, SEB's status as the presumptively most adequate plaintiff under the PSLRA is undisputed, and SEB is entitled to appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001).

---

[2]     Mr. Marathe's purported confusion as to whether "securities" includes options, D.I. 25 at 1, is not well founded. Any class defined to include "purchasers of 'securities' . . . necessarily encompasses both options and common stock." *Khan v. ChargePoint Holdings, Inc.*, Nos. 23-cv-06172-PCP, *et al.*, 2024 WL 2261948, at *3 (N.D. Cal. May 16, 2024). There is no vagueness in this bedrock principle under the federal securities laws. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 751 (1975) ("holders of puts, calls, options, and other contractual rights or duties to purchase or sell securities have been recognized as 'purchasers' or 'sellers' of **securities** for purposes of Rule 10b-5"); *Fry v. UAL Corp.*, 895 F. Supp. 1018, 1031 (N.D. Ill. 1995), *aff'd*, 84 F.3d 936 (7th Cir. 1996) ("it is beyond peradventure that **options are securities**"); *Freudenberg v. E*Trade Fin. Corp.*, Nos. 07 Civ. 8538, *et al.*, 2008 WL 2876373, at *6, *6 n.2 (S.D.N.Y. July 16, 2008) (noting broad definition of a "security" under the Exchange Act includes options) (citing 15 U.S.C. § 78c(a)(10)). Moreover, by bringing a class action complaint against Defendants under the federal securities laws and specifying a class including traders of options, Mr. Marathe has unequivocally demonstrated his understanding that "securities" necessarily includes options. *See Marathe v. Humana Inc., et al.*, No. 1:24-cv-00898-JLH (D. Del. filed July 31, 2024), D.I. 1, ¶ 1 (bringing claims "on behalf of persons or entities who purchased or otherwise acquired publicly traded Humana common stock, including purchasers of call options and/or sellers of put options . . . .").

2

### B.    SEB Has the Right to Direct this Action

Recognizing that the plain language of the PSLRA compels SEB's appointment as Lead Plaintiff, Mr. Marathe, ***without citing to any authority under the PSLRA***, demands that the Court direct SEB to commit to "specifically include options investors in the consolidated amended complaint." D.I. 25 at 2. This request should be rejected since there is no basis for interfering with a lead plaintiff's ability to direct litigation by dictating how a lead plaintiff should define a class and prosecute an action.

The PSLRA seeks to empower one lead plaintiff to oversee the litigation "as a whole." *Hevesi*, 366 F.3d at 82 n.13. Indeed, courts have stated that "[i]t is axiomatic . . . that a lead plaintiff has the ***sole authority*** to determine what claims to pursue on behalf of the class." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020) ("*Facebook II*"). Here, while "SEB is committed to representing all Humana investors with viable claims - including option traders," D.I. 26-1, it is possible that additional facts or the development of claims in this litigation could require SEB to make tactical decisions in the best interest of the entire class that would result in the exclusion of some types of securities from the class. The law does not provide non-lead plaintiffs with a vote in SEB's litigation decisions, nor is SEB required to provide every Humana investor a specific guarantee during the litigation. *See Boeing*, 2019 WL 6052399, at *10 (rejecting arguments from options traders and noting lead plaintiff's right to determine the contours of a litigation).[3]

---

[3]    Mr. Marathe has indicated he will "seek leave to file a sur-reply following the review of SEB's reply" to repeat his request for the mandatory inclusion of options in the class. D.I. 28 at 1. Given the overwhelming case law cited herein, and Mr. Marathe's failure to provide any support for his argument, the Court should decline any request for a sur-reply as a waste of time, effort, and resources. *See Waters Techs. Corp. v. Aurora SFC Sys. Inc.*, No. 11-708-RGA, 2012 WL

3

The *Bank of America* litigation is instructive.  *See In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058(DC), 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010) ("*Bank of Am. I*"); *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 10 Civ. 275(PKC), 2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011) ("*Bank of Am. II*").  There, the "Lead Plaintiffs sue[d] only on behalf of stock holders, and . . . elected not to sue on behalf of options holders or bond holders" in the "Consolidated Securities Actions."  *Bank of Am. I,* 2010 WL 1438980, at *2.  Based on the allegations pled in the Consolidated Securities Actions, investors who felt excluded from the defined class filed separate class actions on behalf of options traders and holders of debt securities, seeking appointment as lead plaintiff on behalf of those sub-classes.  *See id.* at *1.  After consolidating the options and debt actions with the original class action, the court declined to appoint any additional or separate lead plaintiffs, reasoning that "Lead Plaintiffs have the ***authority to decide*** what claims to assert on behalf of securities holders" and that "[p]ermitting other plaintiffs to bring additional class actions now, with additional lead plaintiffs and additional lead counsel, would interfere with Lead Plaintiffs' ability and authority to manage the Consolidated Securities Actions."  *Id.* at *2.  Accordingly, the court concluded that options investors were "free to pursue their claims as individual cases-but not as class actions." *Id.* at *3.

Later in the *Bank of America* litigation—after the lead plaintiffs filed an amended complaint asserting claims on behalf of options traders, which the court dismissed for lack of standing—an options investor again sought to interject itself in the litigation by bringing a separate class action on behalf of options traders, arguing that because the lead plaintiffs did not have

---

13167829, at *1 (D. Del. Apr. 20, 2012) (finding that "[s]ur-reply briefs are disfavored" in this District).

standing to sue on behalf of options holders, the court should appoint a lead plaintiff to represent a class of options traders. *See Bank of Am. II,* 2011 WL 4538428, at *1. The court disagreed, holding again that while the investor was "free to pursue his claims individually," he could "not assert claims on behalf of a class of options holders." *Id.* at *2. The court explained that, while the lead plaintiffs had "not sought leave to add additional class plaintiffs or otherwise attempted to amend the complaint to revive their claims on behalf of options holders," "[s]uch tactical decisions are the prerogative of a lead plaintiff." *Id.* at *1. The court further acknowledged that, "[i]nevitably, any class definition establishes boundaries as to who may recover," and "a lead plaintiff necessarily makes determinations that limit the class of shareholders." *Id.* at *2. Ultimately, the "[i]ndividuals excluded from the class may pursue individual claims." *Id.*

The same reasoning applies here. It is Lead Plaintiff's "prerogative" to "establish[] boundaries" around the class definition—including, for example, the length of the Class Period and the types of securities included in the class. *Id.* at *1-2; *see also, e.g., N.Y. State Tchrs.' Ret. Sys. v. Gen. Motors Co.,* 315 F.R.D. 226, 239 (E.D. Mich. 2016), *aff'd sub nom. Marro v. N.Y. State Tchrs.' Ret. Sys.,* No. 16—1821, 2017 WL 6398014 (6th Cir. Nov. 27, 2017) (rejecting settlement objections lodged by investors who were excluded from the class because "the decision whether to include GM warrant holders in this litigation fell within [the lead plaintiff's] discretion"); *Facebook I,* 343 F. Supp. 3d at 410 (rejecting settlement objection because the objector "has been on notice of Lead Plaintiffs' decision not to pursue" certain claims for several years and was able to individually pursue such claims, but chose not to); *Boeing,* 2019 WL 6052399, at *11 ("[i]f options holders are defined out of the class, they remain free to pursue their own claims").

To the extent Mr. Marathe is not satisfied with how the action is being prosecuted, he is free to opt out of the case and litigate his claims as he sees fit so long as it does not interfere with SEB's ability to direct the litigation as a whole. *See Bank of Am. II*, 2011 WL 4538428, at \*1-2; *Boeing*, 2019 WL 6052399, at \*11. Mr. Marathe's counsel is fully aware of his choices having previously been advised of same by the Honorable Stanley R. Chesler of the United States District Court for the District of New Jersey in *Industriens Pensionsforsikring A/S v. Becton, Dickinson & Co.*, No. 2:20-cv-02155-SRC-CLW (D.N.J.). In that case, an options trader represented by Mr. Marathe's counsel sought appointment as co-lead plaintiff after options were not included in the class definition in the lead plaintiff's amended complaint. *See* Reply Declaration of Andrew Blumberg in Further Support of the Motion of SEB Investment Management AB for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel, and in Opposition to Competing Motion, Ex. A at 4 (Hearing Transcript of Motion for Reconsideration of Order Appointing Lead Plaintiff and Lead Counsel, *Becton,* No. 2:20-cv-02155-SRC-CLW (D.N.J. Nov. 4, 2020), D.I. 92). In addressing the attempt to be appointed co-lead plaintiff*,* Judge Chesler noted that "the Court does not see how the options traders have been prejudiced in any way, shape or form by the fact that an amended complaint was filed which did not include the options trader group." *Id*. at 17.

Moreover, Mr. Marathe has not cited a single case where an options trader was permitted to dictate how a fully qualified lead plaintiff directs litigation under their control. *See Bank of Am. I*, 2010 WL 1438980, at \*2 (rejecting option investor's attempt to "interfere with Lead Plaintiffs' ability and authority to manage the Consolidated Securities Actions"). On the contrary, the only relevant securities case under the PSLRA cited by Mr. Marathe, *Hevesi*, has been routinely cited by courts to prevent non-lead plaintiffs (including options traders) from interfering with the lead

6

plaintiff's management of the litigation, including by Judge Chesler in *Becton*. *See Kabak v. Becton, Dickinson & Co.*, No. 20-2155 (SRC), 2020 WL 3056281 at *3 (D.N.J. June 9, 2020) (the "expressed concern" of having standing to bring every possible claim "***does not override*** the PSLRA's statutory scheme calling for the appointment of one lead plaintiff to exercise overall control of the litigation.") (citing *Hevesi*, 366 F.3d at 83).

Further, the other two cases cited by Mr. Marathe, *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975)[4] and *In re Orthopedic Bone Screw Products Liability Litigation*, 246 F.3d 315, 316 (3d Cir. 2001), are not securities class actions brought pursuant to the PSLRA and have no bearing on the instant matter. *Girsh*, a case that pre-dates the PSLRA by twenty years, involved a class member's objection to the proposed settlement of the parties based on the alleged deficiency of the record. 521 F.2d at 155-56. The Third Circuit vacated the district court's order and remanded the proceedings "[b]ecause [the Third Circuit judges] believe[d] that the record before the district court was not sufficiently developed and cannot, therefore, support the district court's approval of the settlement agreement." *Id.* at 154. The Third Circuit's finding that the district court was not acting as "the guardian of the rights of the absentee class members" only went so far as to permit the objecting class member to more fully develop the case record—not require a lead plaintiff to bring certain claims. *Id.* at 157.

*Orthopedic Bone Screw* was a products liability case that involved a claimant's exclusion from a settlement because of a late filed claim. 246 F.3d at 316-20. In that case, the Third Circuit reviewed the district court's denial of a class member's participation in the settlement and invoked "principles of equity" to allow the claimant to join in the case settlement. *Id.* at 316-17. Neither *Girsh* nor *Orthopedic Bone Screw* involved an attempt by a class member to interfere with a lead

---

4       Mr. Marathe incorrectly cites this as a Second Circuit case from 2008. *See* D.I. 25 at 2.

plaintiff's decisions regarding the prosecution of an action, and neither case required that a lead plaintiff provide assurances that certain potential claims would be protected by the lead plaintiff.

Mr. Marathe simply has no right under the PSLRA to demand the assurances he is seeking. *See Bank of Am. I*, 2010 WL 1438980, at \*2 (rejecting option investor's attempt to "interfere with Lead Plaintiffs' ability and authority to manage the Consolidated Securities Actions"); *Bank of Am. II*, 2011 WL 4538428, at \*1-2; *Boeing*, 2019 WL 6052399, at \*11 (rejecting option trader's request for "a prophylactic appointment . . . as a co-lead plaintiff" and noting that "it is not clear why the possible exclusion of options purchasers bears on the issue of appointment of lead plaintiff. The argument presumes an entitlement on the part of options purchasers to participate in this action that does not exist.").

## III.   CONCLUSION

For the reasons set forth above and in its prior filings, SEB respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint SEB as Lead Plaintiff; (3) approve SEB's selection of Kessler Topaz as Lead Counsel for the class; and (4) deny the competing motion and Mr. Marathe's demand that this Court interfere with Lead Plaintiff's right to manage this litigation under the PSLRA.

Dated: August 23, 2024

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Gregory V. Varallo*
Gregory V. Varallo (DE Bar ID #2242)
Andrew Blumberg (DE Bar ID #6744)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com
andrew.blumberg@blbglaw.com

*Liaison Counsel for Proposed Lead Plaintiff SEB Investment Management AB*

8

**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Geoffrey C. Jarvis (DE Bar ID #4064)
Jamie M. McCall
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
gjarvis@ktmc.com
jmccall@ktmc.com

*Counsel for Proposed Lead Plaintiff SEB*
*Investment Management AB and Proposed*
*Lead Counsel for the Class*

9