## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **IN RE HUMANA INC. SECURITIES LITIGATION** | **Case No. 1:24-cv-00655-JHL** |

### DEFENDANTS' OPPOSITION AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Kevin M. Coen (DE Bar ID #4775)
Sara Carnahan (DE Bar ID #7175)
1201 North Market Street
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
kcoen@morrisnichols.com
scarnahan@morrisnichols.com

**ALSTON & BIRD**
Robert R. Long (Admitted *Pro Hac Vice*)
Elizabeth Gingold Clark (Admitted *Pro Hac Vice*)
Timothy J. Fitzmaurice (Admitted *Pro Hac Vice*)
1201 W Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
robert.long@alston.com
elizabeth.clark@alston.com
tim.fitzmaurice@alston.com

*Attorneys for Defendants*

Dated:  May 21, 2025

**INTRODUCTION**

Defendants have demonstrated that Plaintiff lacks Article III standing to sue for non-parties Gamla Liv and the SEB Investment Funds.[1]  After dedicating just two pages of the Opposition to Article III standing, Plaintiff asks this Court—in a meritless attempt to save its claims—to allow five pages of supplemental briefing through a sur-reply for no clear reason other than to say more. As there are no proper grounds for a sur-reply, Plaintiff's Motion for Leave to File Sur-Reply In Response to the MTD Reply (the "Sur-Reply") should be denied.

**ARGUMENT**

Plaintiff claims the Sur-Reply should be granted for two reasons.  *First*, Plaintiff claims that "Defendants' Reply brief raises new arguments not contained in their opening brief" regarding Plaintiff's standing.  (Sur-Reply at 1.)  *Second*, Plaintiff claims that the MTD Reply "misstate[s] the requirements for establishing Article III standing," and the Proposed Sur-Reply in Response to the MTD Reply (the "Proposed Sur-Reply") will "assist the Court in more fully and fairly deciding" whether Plaintiff has Article III standing.  (*Id.*)  On both points, Plaintiff is wrong.

**I.      The MTD Reply Did Not Include New Arguments That Warrant a Sur-Reply.**

With respect to Plaintiff's standing to sue for Gamla Liv, Defendants made the same argument in the MTD and the Reply Brief in Support of the MTD (the "MTD Reply")—namely, Plaintiff lacks Article III standing to sue for Gamla Liv because that non-party assigned its claims to Plaintiff after this lawsuit was commenced, and "[t]he general rule is that a plaintiff in federal court must have Article III standing on the date the lawsuit was commenced."  *Lutter v. JNESO*, 86 F.4th 111, 124 (3d Cir. 2023).  (MTD at 10; MTD Reply at 2.)  The MTD Reply also responded to the Opposition's proposed securities class action-specific "exception" to this "general rule"—

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the MTD Reply.

whereby a plaintiff can have standing if a non-party assigns its claims before lead plaintiff motions are filed (Opp. at 8; MTD Reply at 2)—but "where the arguments in a reply are 'merely responses to new arguments' made in an opposition brief, a surreply is not appropriate." *Barnes v. Costco Wholesale Corp.*, Case No. JKB-18-3377, 2019 WL 4933070, at *2 (D. Md. Oct. 7, 2019) (citation omitted). In all, there are no new arguments in the MTD Reply regarding Plaintiff's standing to sue for Gamla Liv that justify the filing of a sur-reply.

With respect to Plaintiff's standing to sue for the SEB Investment Funds, Defendants argued in the MTD that Plaintiff lacks standing to sue for those non-parties because they have not assigned their claims to Plaintiff. (MTD at 9-10.) In response, the Opposition argued that Plaintiff can sue on behalf of the SEB Investment Funds without an assignment based on "third-party" standing, relying on *W.R. Huff Asset Management Co. v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008). (Opp. at 7-8.) Defendants responded in the MTD Reply by demonstrating that *Huff* misstates the law on "third-party" standing, in conflict with Supreme Court and Third Circuit precedent. (MTD Reply at 2-4.) Confronted with this adverse controlling precedent, the Sur-Reply claims that the MTD Reply raised "new" arguments that justify additional briefing. (Sur-Reply at 1.) The MTD Reply's arguments and authorities, however, "are more correctly characterized as responsive arguments to the claims raised in the" Opposition. *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013). As such, "a sur-reply is not appropriate." *Id*.

## II. The MTD Reply Did Not Misstate the Law and the Proposed Sur-Reply Will Not Assist the Court in Deciding Whether Plaintiff Has Article III Standing.

Far from misstating the law, Defendants' argument that Plaintiff lacks standing to sue for Gamla Liv and the SEB Investment Funds is based on controlling Third Circuit precedent.

With respect to Gamla Liv, Defendants' standing argument is based on *Lutter v. JNESO*, 86 F.4th 111, 124 (3d Cir. 2023), where, as noted above, the Third Circuit held that "[t]he general

2

rule is that a plaintiff in federal court must have Article III standing on the date the lawsuit was commenced." 86 F.4th at 124. Neither the Opposition nor the Proposed Sur-Reply disputes that based on *Lutter*, Plaintiff lacks standing to sue for Gamla Liv. Instead, repeating the same argument from the Opposition, the Proposed Sur-Reply asks this Court to create an "exception" to *Lutter*, whereby—unlike plaintiffs in every other civil case—plaintiffs in securities class actions can establish standing based on an assignment of claims made *after* the lawsuit was filed but *before* the filing of motions for the appointment of the lead plaintiff. (Proposed Sur-Reply at 5.) Neither the Opposition nor the Proposed Sur-Reply cites any Third Circuit case—or any district court decision within the Third Circuit—that has recognized this proposed "exception" to *Lutter*.

There is, therefore, no merit to the Sur-Reply's claim that Defendants' arguments regarding Plaintiff's standing to sue for Gamla Liv "misstate the requirements for establishing Article III standing." (Sur-Reply at 1.) In addition, the Proposed Sur-Reply's repetition of arguments already before this Court will not "assist the Court in more fully and fairly deciding" whether Plaintiff has standing to sue on behalf of Gamla Liv, which is squarely addressed by Third Circuit precedent.

Defendants' argument that Plaintiff lacks standing to rely on third-party standing to sue on behalf of the SEB Investment Funds is similarly based on controlling Third Circuit precedent: *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293 (3d Cir. 2003). In that case, the Third Circuit held a plaintiff can rely on third-party standing "***only when*** the following three criteria are met: (1) ***the litigant has suffered an injury in fact*** giving him a sufficiently concrete interest in the outcome of the issue; (2) the litigant has a close relation to the third party; and (3) there exists some hindrance to the third party's ability to protect his own interests." 322 F.3d at 299 (emphasis added). Thus, the Third Circuit further explained that "well-settled precedent makes clear that it is only possible to find third party standing when there is also an injury in fact alleged by the first

3

party plaintiff." *Id.* The Proposed Sur-Reply does not (because it cannot) dispute that based on *Storino*, Plaintiff lacks standing to sue for the SEB Investment Funds. Instead, the Proposed Sur-Reply argues that *Storino* "directly conflict[s] with" *Sprint Communications Co., LP v. APCC Services, Inc.*, 554 U.S. 269 (2008). (Proposed Sur-Reply at 1.) The Proposed Sur-Reply, however, is wrong because *Sprint* had nothing to do with third-party standing.[2]

The plaintiffs in *Sprint* were claim "aggregators" who based their Article III standing on *assignments* from more than 1,400 allegedly injured parties. 554 U.S. at 272. The defendants challenged (i) generally, whether assignees of legal claims can "satisfy the Article III standing requirements" and (ii) more specifically, whether the "redressability" requirement of Article III was satisfied "because, if successful in this litigation, the aggregators will simply remit the litigation proceeds to the" injured assignors. 554 U.S. at 285-89. The Supreme Court held that (i) assignees of legal claims can have Article III standing and (ii) Article III's redressability requirement was satisfied. *Id.* *Sprint* did not involve any issues related to third-party standing or establish any principles of law regarding third-party standing. Indeed, in *Sprint*, the Supreme Court expressly rejected defendants' attempt to rely on third-party standing cases because "[t]hese

---

[2] The Proposed Sur-Reply claims *Sprint* "made clear that Article III permits federal courts to 'entertain suits which will result in relief for parties that are not themselves directly bringing suit.'" (Proposed Sur-Reply at 1 (quoting *Sprint*, 554 U.S. at 287-88).) To the extent the Proposed Sur-Reply suggests *Sprint* eliminated the "injury-in-fact" requirement from third-party standing, it ignores that *Sprint* would be overruling at least three prior Supreme Court decisions, and, of course, *Sprint* did not overrule those cases. *See Powers v. Ohio*, 499 U.S. 400 (1991) ("We have recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied," the first of those three criteria being that "[t]he litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute.") (quoting *Singleton v. Wulff*, 428 U.S. 106, 112 (1976) and citing *Craig v. Boren*, 429 U.S. 190 (1976)). Instead, when analyzing Article III's redressability requirement, the *Sprint* majority merely responded to the dissent's claim that "[w]e have never approved federal-court jurisdiction over a claim where the entire relief requested will not run to a party before the court" by pointing out that "federal courts routinely entertain suits which will result in relief for other parties that are not themselves directly bringing suit." 554 U.S. at 287-88.

4

third-party cases . . . are not on point.  They concern plaintiffs who seek to assert not their own legal rights, but the legal rights of others," and "in the litigation before us, the aggregators assert what are, due to th[e] [assignments], *legal rights of their own*.  The aggregators, in other words, are asserting first-party, not third-party, legal rights."  *Id.* at 290.  In all, therefore, there is no conflict between *Sprint* and the Third Circuit's *Storino* decision because *Sprint* has nothing to do with third-party standing.

Moreover, since *Sprint*, the Supreme Court has re-affirmed—consistent with *Storino*—that a plaintiff must have an Article III injury-in-fact to rely on third-party standing.[3]  In *FDA v. All. For Hippocratic Med.*, 602 U.S. 367 (2024), a group of doctors claimed "that they can sue in a representative capacity to vindicate their patients' injuries or potential future injuries, even if the doctors have not suffered and would not suffer an injury themselves."  602 U.S. at 393 n.5.  The Supreme Court, however, explained that "[t]his Court has repeatedly rejected such arguments" because "[u]nder this Court's precedents, third-party standing, as some have called it, allows a narrow class of litigants to assert the legal rights of others.  But 'even when we have allowed litigants to assert the interests of others, the litigants themselves still must have suffered an injury in fact, thus giving them a sufficiently concrete interest in the outcome of the issue in dispute."  *Id.* (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013)).  Accordingly, "[t]he third-party standing doctrine does not allow doctors to shoehorn themselves into Article III standing simply by showing that their patients have suffered injuries or may suffer future injuries."  *Id.*

---

[3] The Third Circuit has likewise re-affirmed since *Storino* and *Sprint* that "[a] plaintiff asserting a third-party claim needs to meet three conditions," including "(1) the plaintiff must suffer injury." *Holland v. Rosen*, 895 F.3d 272, 287 (3d Cir. 2018); *see also, e.g.*, *Purpura v. Christie*, 687 Fed. App'x. 208, 210 (3d Cir. 2017) ("[T]o establish third-party standing, a litigant must demonstrate that (1) he has suffered an 'injury in fact' . . . ."); *In re Majestic Star Casino, LLC*, 716 F.3d 736, 749 (3d Cir. 2013) (same); *Interactive Media Entm't & Gaming Ass'n v. Atty. Gen. of U.S.*, 580 F.3d 113, 118 (3d Cir. 2009) (same).

The Proposed Sur-Reply's remaining arguments concern (i) whether *Huff* is "good law" in the Second Circuit and (ii) district court decisions that have applied *Huff* to allow SEB and other "European asset managers" to rely on third-party standing in securities class actions to satisfy Article III, even though the plaintiffs did not suffer any injury-in-fact. (Proposed Sur-Reply at 2-5.) Those additional arguments, however, are irrelevant to Plaintiff's Article III standing. Even if *Huff* is "good law" in the Second Circuit (and it is not),[4] neither *Huff* nor district court decisions applying *Huff* are (i) binding on this Court or (ii) persuasive authorities, because they conflict with controlling Supreme Court and Third Circuit precedent regarding third-party standing.

In all, Defendants' arguments in the MTD Reply regarding Plaintiff's standing to sue for the SEB Investment Funds did not "misstate the requirements for establishing Article III standing," and the Proposed Sur-Reply's additional arguments will not "assist the Court in more fully and fairly deciding" whether Plaintiff has standing to sue for the SEB Investment Funds, which is squarely addressed by controlling Supreme Court and Third Circuit precedent. (Sur-Reply at 1.)

**CONCLUSION**

For each of the reasons explained herein, the Sur-Reply should be denied, but even if the Court allows Plaintiff to file the Proposed Sur-Reply, none of Plaintiff's new arguments establish that Plaintiff has Article III standing to sue on behalf of Gamla Liv or the SEB Investment Funds.

---

[4] The Proposed Sur-Reply suggests *Keepers, Inc. v. City of Milford*, 807 F.3d 24 (2d Cir. 2015) is consistent with *Huff*. (Proposed Sur-Reply at 2.) It is not. *Keepers* held—in conflict with *Huff*—that "[a] litigant may assert the rights of others only if the litigant itself satisfies Article III's requirements of injury-in-fact, causation, and redressability." 807 F.3d at 42. In any event, other Second Circuit cases confirm *Huff* is not "good law." *Mental Hygiene Legal Serv. v. Cuomo*, 609 F. App'x 693, 695 (2d Cir. 2015) ("[L]itigants seeking to assert third-party standing . . . must have suffered an 'injury in fact'"); *Fenstermaker v. Obama*, 354 F. App'x 452, 454 (2d Cir. 2009).

Dated:  May 21, 2025.

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                              */s/ Kevin M. Coen*
                              Kevin M. Coen (DE Bar ID #4775)
                              Sara Carnahan (DE Bar ID #7175)
                              1201 North Market Street
                              Wilmington, DE 19899-1347
                              Telephone: (302) 658-9200
                              kcoen@morrisnichols.com
                              scarnahan@morrisnichols.com

                              OF COUNSEL:

                              **ALSTON & BIRD**
                              Robert R. Long (Admitted *Pro Hac Vice*)
                              Elizabeth Gingold Clark (Admitted *Pro Hac Vice*)
                              Timothy J. Fitzmaurice (Admitted *Pro Hac Vice*)
                              1201 W Peachtree Street, Suite 4900
                              Atlanta, GA 30309
                              Telephone: (404) 881-7000
                              robert.long@alston.com
                              elizabeth.clark@alston.com
                              tim.fitzmaurice@alston.com

                              *Attorneys for Defendants*

7