**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE HUMANA INC. SECURITIES LITIGATION | Case No. 1:24-CV-00655-JLH |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendants' Opposition to Lead Plaintiff SEB Investment Management AB's motion for leave to file a sur-reply (D.I. 67, "SRO") confirms that Plaintiff's proposed sur-reply (D.I. 66-1, "Sur-Reply") is both necessary and proper.[1]

*First*, there was nothing "responsive" (SRO at 2) about Defendants' argument—first made in the Reply—that third-party standing necessarily requires an independent injury-in-fact. Reply (D.I. 63) at 3-4. In support of this new claim, Defendants relied on ten previously uncited, inapposite cases, which obscured what should be a straightforward analysis of SEB's standing. *See St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co., Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013) (sur-reply appropriate where it responds to new arguments or addresses "previously uncited legal authority"). Doubling-down, Defendants now cite *eleven* new cases to support their erroneous claim that to establish standing, SEB must allege an injury-in-fact that is distinct from the injury to the funds, which are not legal entities, on behalf of which it brings suit. SRO at 3-6.

Defendants' claim disregards the long line of cases holding that "in certain circumstances, particular relationships (recognized either by common-law tradition or by statute) are sufficient to rebut the background presumption . . . that litigants may not assert the rights of absent third parties." *United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc.*, 517 U.S. 544, 557

---

[1] Unless otherwise stated, all emphases are added and internal citations and quotations are omitted.

1

(1996). These "circumstances" include a "wide variety" of contexts where "accepted common-law practice permits one person to sue on behalf of another, even where damages are sought." *Id.* The Supreme Court reiterated this established Article III doctrine when it stated that "federal courts routinely entertain suits which will result in relief for parties that are not themselves directly bringing suit," including "[t]rustees," "guardians ad litem," "receivers," "executors," "and so forth." *Sprint Commcn's Co., LP v. APCC Servs., Inc.*, 554 U.S. 269, 287-88 (2008). In *Huff*, the Second Circuit reiterated this same principle. *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109-10 (2d Cir. 2008) (citing *Sprint*, 554 U.S. at 287-88). Defendants' claim that an independent injury-in-fact is **always** required cannot be reconciled with the numerous Supreme Court and Third Circuit cases allowing various litigants to sue in the absence of an independent Article III injury.[2]

By contrast, the third-party standing cases on which Defendants rely (SRO at 3-5) involved plaintiffs who sought to enforce rights of **unrelated** third parties, with whom they shared no legal

---

[2] *See, e.g.*, *United Food & Com. Workers*, 517 U.S. at 552 ("an organization may sue to redress its members' injuries, **even without a showing of injury to the association itself**"); *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023) ("[T]he standing requirements of Article III can be satisfied in two ways. **Either** the organization can claim that it suffered an injury in its own right **or**, alternatively, it can assert standing solely as the representative of its members."); *Pa. Psychiatric Soc'y. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 283 (3d Cir. 2002) ("**Absent injury to itself**, an association may pursue claims solely as a representative of its members[.]"); *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 261 (3d Cir. 2009) (same); *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) ("next-friend" standing in habeas corpus actions allows party to "appear in court on behalf of detained prisoners who are unable . . . to seek relief themselves"); *Hudson v. Columbia Life Ins. Co.*, 2021 WL 2823074, at *2-3 (E.D. Pa. July 6, 2021) (rejecting argument that executor "lacks standing because he has not suffered an injury in his individual capacity" because "[t]hird party standing has long been recognized as an appropriate vehicle for access to federal court") (citing *Sprint*, 554 U.S. at 287-88); *cf. Thole v. U. S. Bank N.A*, 590 U.S. 538, 544 (2020) (plan beneficiaries lacked standing because unlike "**cases involving guardians, receivers, and executors**," the "plaintiffs have not been legally or contractually appointed to represent the plan") (citing *Sprint*, 554 U.S. 269).

or contractual relationships,[3] or where the interests of the litigants were not "distinguishable from the general interest of every citizen," *Hollingsworth v. Perry*, 570 U.S. 693, 706-07 (2013).[4] The injury-in-fact requirement discussed in such cases (SRO at 5) has no application to SEB, which has "trustee-like powers" over its funds (Sur-Reply at 3-5 (citing cases))—precisely the type of "particular relationship[]" that allows it to "assert the[ir] rights." *United Food & Com. Workers*, 517 U.S. at 557; *accord Sprint*, 554 U.S. at 287-88.[5]

Tellingly, Defendants do not identify a single case requiring an investment manager pursuing claims under the federal securities laws on behalf of its investment funds to have suffered an independent injury-in-fact. *See* SRO. Moreover, Defendants' claim that *Sprint* "has nothing to do with third-party standing" (SRO 4-5), overlooks both that *Sprint* specifically discussed third-party standing cases upon which Defendants currently rely, *see* 554 U.S. at 290, and the Supreme Court's later citation to *Sprint*'s discussion of injury-in-fact exceptions when discussing third-party standing in *Thole*, 590 U.S. at 544. Accepting Defendants' novel argument would preclude

---

[3] *See, e.g.*, *Powers v. Ohio*, 499 U.S. 400, 410 (1991) (criminal defendant sought to assert rights of jurors excluded based on race); *Craig v. Boren*, 429 U.S. 190, 193 (1976) (beer vendors sought to assert rights of male customers discriminated against on the basis of sex).

[4] In *Hollingsworth*, proponents of a ballot initiative intervened "to vindicate the constitutional validity of a generally applicable California law." *Id.*; *see also FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 379, 386 (2024) (doctors who opposed abortions sued to enjoin FDA regulation of contraceptive); *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 298-99 (3d Cir. 2003) (landowners sought to bring equal protection claims, but were "not members of the [affected] class"); Sur-Reply at 4 n.4 (addressing other cases cited for first time in Defendants' Reply).

[5] Defendants' other cases (SRO at 5 n.3) similarly did not involve litigants with trustee-like relationships with injured third parties that lacked the legal capacity to bring their own claims. *See Holland v. Rosen*, 895 F.3d 272, 287 (3d Cir. 2018) (bail bond provider challenged bail reforms on behalf of criminal defendants); *Purpura v. Christie*, 687 Fed. App'x. 208, 210 (3d Cir. 2017) (gun owner challenged statute regulating guns based on speculative constitutional arguments); *In re Majestic Star Casino, LLC*, 716 F.3d 736, 748 (3d Cir. 2013) (subsidiary sought to assert rights of "its S-corp parent"); *Interactive Media Entm't & Gaming Ass'n v. Att'y. Gen. of U.S.*, 580 F.3d 113, 118 (3d Cir. 2009) (litigant challenging gambling regulation did "not itself have any relationship with individual gamblers").

3

trustees, guardians, receivers, executors, and so forth, from bringing claims, which would "work a sea change in the law." *Sprint*, 554 U.S. at 287-88. Defendants bypass this point.

For these reasons, Defendants' argument that this Court should disregard *Huff* and all of the decisions applying it because they "conflict with controlling Supreme Court and Third Circuit precedent" (SRO at 6) is wrong. The numerous district court opinions applying *Huff* to find that SEB and similar investment managers have third-party standing to represent their funds—which Defendants ignore and fail to distinguish, *see* Opp. (D.I. 62) at 7-8; Sur-Reply at 3-4—reflect a consistent adherence to well-rooted Article III principles. Defendants' claim that *Huff* is not "good law" (SRO 6) ignores the Second Circuit's continued reliance on *Huff* in cases post-dating those Defendants cite. *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) ("This rule against third-party standing is ***not absolute***.") (citing *Huff*, 549 F.3d at 109).[6] In sum, given Defendants' reliance on newly-cited cases arising in markedly different factual and legal contexts, permitting the Sur-Reply will "allow [the court] to fully evaluate" SEB's standing. *Jackson v. Nuvasive, Inc.*, 2024 WL 3585096, at *10 (D. Del. July 29, 2024).

*Second*, Defendants claim they "made the same argument in the MTD and the Reply" with respect to Gamla Liv. SRO at 1-2. Not so. Defendants' MTD argued that "the ***general rule*** is that a plaintiff in federal court must have Article III standing on the date the lawsuit was commenced." MTD (D.I. 61) at 10 (citing *Lutter v. JNESO*, 86 F.4th 111, 124 (3d Cir. 2023)). After SEB explained that this "general rule" was inapplicable, Opp. at 8, Defendants claimed in the Reply

---

[6] As in *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 39-40 (2d Cir. 2015), which involved an attempt to assert the First Amendment rights of third parties, the new cases Defendants cite involved third-party standing situations unlike the "historically [] permitted" exceptions that *Sprint* recognized. *Huff*, 549 F.3d at 109-10; *see Mental Hygiene Legal Serv. v. Cuomo*, 609 F. App'x 693, 695 (2d Cir. 2015) (legal service entity lacked standing to assert its clients' rights); *Fenstermaker v. Obama*, 354 F. App'x 452, 454 (2d Cir. 2009) (criminal defense lawyer lacked standing to assert detainees' rights).

that to find standing based on a valid post-complaint assignment would "directly conflict with Third Circuit precedent." Reply at 2. Defendants' new position misstates the law—including *Lutter*, their only cited case—and therefore warranted the Sur-Reply. *See Lutter*, 86 F.4th at 124-26 ("Lutter's Article III standing should be evaluated as of February 28, 2020, ***the date she filed the second complaint***"); *In re Herley Indus. Inc. Sec. Litig.*, 2009 WL 3169888, at *6, 9-11 (E.D. Pa. Sept. 30, 2009) (investment advisor could "continu[e] to serve as lead plaintiff" because it "cured its standing infirmity with a valid assignment"); Sur-Reply at 5.

DATED: May 28, 2025

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Gregory V. Varallo*
Gregory V. Varallo (DE Bar ID #2242)
Andrew Blumberg (DE Bar ID #6744)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com
andrew.blumberg@blbglaw.com

-and-

Robert F. Kravetz (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Robert.kravetz@blbglaw.com

*Liaison Counsel for Lead Plaintiff SEB Investment Management AB*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Jamie M. McCall (*pro hac vice*)
Johnston de Forest Whitman, Jr. (*pro hac vice*)
Joshua E. D'Ancona (*pro hac vice*)

5

Joshua A. Materese (*pro hac vice*)
Nathan A. Hasiuk (*pro hac vice*)
Nathaniel C. Simon (*pro hac vice*)
Farai Vyamucharo-Shawa (DE Bar ID #7002)
Aubrie L. Kent (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmccall@ktmc.com
jwhitman@ktmc.com
jdancona@ktmc.com
jmaterese@ktmc.com
nhasiuk@ktmc.com
nsimon@ktmc.com
fshawa@ktmc.com
akent@ktmc.com

*Counsel for Lead Plaintiff SEB Investment Management AB and Lead Counsel for the Class*

6