**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE HUMANA INC. SECURITIES LITIGATION | C.A. No. 24-655-JLH |

**SCHEDULING ORDER**

This＿day of ＿, 2026 the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.  As agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on June 22, 2026. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI''), which is posted at https://www.ded.uscourts.gov/default-standard-discovery.  The parties are to promptly negotiate and submit a Stipulation and [Proposed] Order Concerning Discovery of Electronically Stored Information, taking into account the provisions of the Court's Default Standard and any provisions the parties consider appropriate for this action. Should the parties be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(h) below.

2.      Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before March 24, 2027.

1

Such motions must follow the provisions of Paragraphs 7(h) and 8. Upon a showing of good cause, the Parties may seek leave to amend or supplement after this date.

3.      Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(h) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      Papers and Proceedings Under Seal.  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted

so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript.  With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosures of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.      Courtesy Copies.  The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

6.      ADR Process.  Because the case involves securities, the parties will not request a referral to a Magistrate Judge for alternative dispute resolution. *See* District of Delaware Standing Order No. 2022-2, dated March 14, 2022.  The parties agree to meet and confer in good faith about the possibility of engaging in private mediation after a reasonable opportunity for discovery.

7.      Discovery.  Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

(a)      Discovery Cut Off.  All discovery in this case shall be initiated so that it will be completed on or before September 17, 2027.

(b)      Document Production.  Document production shall be  substantially completed by February 10, 2027, except with respect to documents that could potentially contain protected health information ("PHI").  However, the parties agree to making rolling productions of documents in advance of the substantial completion deadline and meet and confer regarding a deadline to substantially complete productions of documents that could potentially contain PHI. With respect to any Requests for Production of Documents served on or before May 28, 2026, Defendants and Plaintiff, respectively, shall, subject to their respective responses and objections,

3

begin their respective rolling document production on or before August 28, 2026.  Privilege logs shall be provided by March 10, 2027 and supplemented to reflect any additional productions after that date.

        (c)      Requests for Admission.  A  maximum  of 40 requests for admission are permitted for each side.  The parties reserve the right to seek leave to serve additional requests for admission upon a showing of good cause.

        (d)      Interrogatories.

        i.      A  maximum  of  50  interrogatories,  including  contention interrogatories, are permitted for each side.  The parties reserve the right to seek leave to serve additional interrogatories upon a showing of good cause.

        ii.      The Court encourages the parties to serve and respond to contention interrogatories  early  in  the  case.  In  the  absence  of  agreement  among  the  parties,  contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.   The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

        (e)      Depositions.

        i.      Limitation on Hours for Deposition Discovery.  The parties agree that the depositions allowed for each side should exceed, to some degree, the limitations referenced in Federal Rule of Civil Procedure 30(a)(2), and the parties agree to meet-and-confer during discovery on appropriate limitations on deposition hours and present a proposal to the Court on or before January 13, 2027.

        ii.      Location of Depositions.  The parties agree to meet and confer in good faith regarding the location of depositions.

(f)    Class Certification Motion and Disclosure of Class Certification-Related Expert Testimony.

i.    Plaintiffs' motion to certify the class, together with any opening expert report(s) supporting class certification, are due on or before March 10, 2027.

ii.    Defendants' opposition to Plaintiffs' motion to certify the class, together with any expert report(s) opposing class certification, are due on or before May 12, 2027.

iii.    Plaintiffs' reply in support of class certification, together with any reply expert reports supporting class certification, are due on or before July 14, 2027.

iv.    Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

(g)    Disclosure of Expert Testimony.

i.    Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before October 15, 2027.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before November 30, 2027.  Reply expert reports from the party with the initial burden of proof are due on or before January 14, 2028. No other merits expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Expert depositions will be completed by February 11, 2028.

ii.    Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it

5

shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing shall be presented pursuant to the Court's Local Rules.

       (h)      Discovery Matters and Disputes Relating to Protective Orders.

       i.      The following procedures will apply to discovery matters and protective order disputes unless and until such matters are referred to a Magistrate Judge (who may specify their own procedures). Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

       ii.      Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (*i.e.*, the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Judge Hall's section of the Court's website, in the "Forms" tab.

       iii.      The Court will thereafter order a telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

6

iv.    Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one day of e-filing.  All courtesy copies shall be double-sided.

v.    Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

8.    Motions to Amend / Motions to Strike.

(a)    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(h), above.

(b)    Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.  Any motion to strike shall attach the document sought to be stricken.

9.    Case Dispositive Motions.

(a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before March 17, 2028.  Oppositions to case dispositive motions shall be served and filed on or before May 5, 2028.  Replies in further support of case dispositive motions shall be served and filed on or before June 5, 2028. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

(b)    Concise Statement of Facts Requirement.  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of

7

the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

10.    Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    Amendments to the Scheduling Order.  Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

12.    Motions *in Limine.* Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each side shall be

8

limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon.   Each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13.    <u>Pretrial Conference.</u> On_____, 20 , the Court will hold a pretrial conference in Court with counsel beginning at____.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The proposed final pretrial order shall contain a table of contents.   The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

14.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven days before the final pretrial conference.  This submission shall be accompanied by a courtesy copy containing electronic files of these documents in Microsoft Word format, which should be

9

submitted by e-mail to jlh_civil@ded.uscourts.gov.

15.    Trial.    This matter is scheduled for a sixteen-day jury trial beginning at 9:30 a.m. on _____, 20_, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m.  The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

10

**Relevant Deadlines**

| EVENT | DEADLINE |
|---|---|
| Initial Disclosures | June 22, 2026 |
| Motions to Join Other Parties, and/or for Leave to Amend or Supplement the Pleadings | March 24, 2027 |
| Substantial Completion of Document Production | February 10, 2027 |
| Production of Privilege Logs | March 10, 2027 |
| Plaintiffs' Motion to Certify the Class, including any Expert Reports Supporting Class Certification | March 10, 2027 |
| Defendants' Opposition to Plaintiffs' Motion to Certify the Class, including any Rebuttal Expert Reports | May 12, 2027 |
| Plaintiffs' Reply, including any Reply Expert Reports, Supporting Class Certification | July 14, 2027 |
| Completion of Fact Discovery | September 17, 2027 |
| Service of Affirmative Expert Reports on Merits | October 15, 2027 |
| Service of Rebuttal Expert Reports on Merits | November 30, 2027 |
| Service of Reply Expert Reports on Merits | January 14, 2028 |
| Completion of Expert Discovery | February 11, 2028 |
| Service of Dispositive Motions and Daubert Motions | March 17, 2028 |
| Oppositions to Dispositive Motions and Daubert Motions | May 5, 2028 |
| Replies in Further Support of Dispositive Motions and Daubert Motions | June 5, 2028 |
| Pretrial Conference (to be scheduled by the Court) | |
| Trial Begins (to be scheduled by the Court) | |