## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE HUMANA INC. SECURITIES LITIGATION | Case No. 1:24-CV-00655-JLH |

## LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Gregory V. Varallo (DE Bar ID #2242)
Anthony M. Calvano (DE Bar ID #6265)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com
anthony.calvano@blbglaw.com

-and-

Robert F. Kravetz (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
robert.kravetz@blbglaw.com

*Liaison Counsel for Lead Plaintiff SEB Funds AB*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Jamie M. McCall (*pro hac vice*)
Joshua E. D'Ancona (*pro hac vice*)
Nathan A. Hasiuk (*pro hac vice*)
Nathaniel C. Simon (*pro hac vice*)
Farai Vyamucharo-Shawa (DE Bar ID #7002)
Aubrie L. Kent (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
jmccall@ktmc.com
jdancona@ktmc.com
nhasiuk@ktmc.com
nsimon@ktmc.com
fshawa@ktmc.com
akent@ktmc.com

*Counsel for Lead Plaintiff SEB Funds AB and Lead Counsel for the Class*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................................1

BACKGROUND ...........................................................................................................................3

LEGAL STANDARD.....................................................................................................................5

ARGUMENT .................................................................................................................................6

I.     THE STATUTORY REQUIREMENTS FOR INTERLOCUTORY APPEAL
ARE NOT SATISFIED ......................................................................................................6

        A.     The Issue of SEB's Standing Is Not a Pure Question of Law .................................6

        B.     Defendants Fail to Identify a Substantial Ground for Difference of
Opinion ...................................................................................................................9

        C.     Interlocutory Appeal Will Not Materially Advance the Litigation ........................14

II.    DEFENDANTS FAIL TO DEMONSTRATE EXCEPTIONAL
CIRCUMSTANCES JUSTIFYING INTERLOCUTORY REVIEW ...............................15

III.   SEB'S STANDING BASED ON GAMLA LIV'S ASSIGNMENT, WHICH THE
COURT HAS NOT RULED ON, IS NOT A VALID BASIS FOR
CERTIFICATION .............................................................................................................17

CONCLUSION..............................................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agostino v. Costco Wholesale Corp.*,
   2021 WL 7184490 (D.N.J. Aug. 27, 2021) ........................................................ 14-15

*Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*,
   821 F.3d 352 (2d Cir. 2016)...........................................................................................11

*AMC Investors LLC v. Eugenia VI Venture Holdings Ltd.*,
   2012 WL 868775 (D. Del. Mar. 14, 2012) ..................................................................9

*Arbor Glob. Strategies LLC v. Xilinx, Inc.*,
   2020 WL 6384205 (D. Del. Oct. 30, 2020) ..................................................5, 6, 9, 16

*Bachowski v. Usery*,
   545 F.2d 363 (3d Cir. 1976).............................................................................................5

*In re Bard Assocs., Inc.*,
   2009 WL 4350780 (10th Cir. Dec. 2, 2009) .............................................................18

*In re Barsan Contractors*,
   2010 WL 3907116 (D.N.J. Sep. 30, 2010) ...........................................................16, 17

*Bernstein v. JPMorgan Chase Bank, N.A.*,
   2025 WL 3753911 (S.D.N.Y. Dec. 29, 2025) ...........................................................14

*Bricklayers' & Allied Craftworkers Loc. #2 Albany, NY Pension Fund v. New
   Oriental Educ. & Tech. Grp. Inc.*,
   2022 WL 1515451 (S.D.N.Y. May 13, 2022) ...........................................................11

*City of Taylor Police & Fire Ret. Sys. v. W. Union Co.*,
   2014 WL 4799659 (D. Colo. Sep. 26, 2014)....................................................................7, 8

*Cohen v. Luckin Coffee Inc.*,
   2020 WL 3127808 (S.D.N.Y. June 12, 2020) ...........................................................11

*In re Coinbase Glob., Inc. Sec. Litig.*,
   2025 WL 2779024 (D.N.J. Sep. 30, 2025) ................................................................9

*Common Cause of Pa. v. Pennsylvania*,
   558 F.3d 249 (3d Cir. 2009).............................................................................................12

*In re Essar Steel Minn. LLC*,
   667 B.R. 803 (D. Del. 2025)...........................................................................................6

ii

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    986 F. Supp. 2d 524 (S.D.N.Y. 2014)..................................................................14

*FDA v. All. for Hippocratic Med.*,
    602 U.S. 367 (2024)..........................................................................................14

*Griswold v. Connecticut*,
    381 U.S. 479 (1965)..........................................................................................12

*Griswold v. Coventry First LLC*,
    762 F.3d 264 (3d Cir. 2014)..............................................................................16

*H. Lundbeck A/S v. Apotex Inc.*,
    2019 WL 6065466 (D. Del. Nov. 15, 2019) .......................................................9

*In re Herley Indus. Inc. Sec. Litig.*,
    2009 WL 3169888 (E.D. Pa. Sep. 30, 2009) ....................................................18

*Hollingsworth v. Perry*,
    570 U.S. 693 (2013)..........................................................................................14

*Hudson v. Columbia Life Ins. Co.*,
    2021 WL 2823074 (E.D. Pa. July 6, 2021)........................................................12

*Interactive Media Ent. & Gaming Ass'n v. Atty. Gen. of U.S.*,
    580 F.3d 113 (3d Cir. 2009)..............................................................................14

*Johnson v. PG Pub'g Co.*,
    2021 WL 4171420 (W.D. Pa. Sep. 14, 2021) .........................................9, 15, 16, 20

*Kapossy v. McGraw-Hill, Inc.*,
    942 F. Supp. 996 (D.N.J. 1996) .........................................................................5

*Katz v. Carte Blanche Corp.*,
    496 F.2d 747 (3d Cir. 1974)...........................................................................9, 17

*Link v. Mercedes-Benz of N. Am., Inc.*,
    550 F.2d 860 (3d Cir. 1977)...........................................................................9, 15

*Lutter v. JNESO*,
    86 F.4th 111 (3d Cir. 2023) .............................................................................19

*In re Majestic Star Casino, LLC*,
    716 F.3d 736 (3d Cir. 2013)..............................................................................14

*Markette v. XOMA Corp.*,
    2016 WL 2902286 (N.D. Cal. May 13, 2016) ...................................................18

iii

*Milbert v. Bison Labs., Inc.*,
    260 F.2d 431 (3d Cir. 1958)..........................................................................................5

*Miller v. Bolger*,
    802 F.2d 660 (3d Cir. 1986)..............................................................................3, 17, 20

*MLB Players, Inc. v. DraftKings, Inc.*,
    2025 WL 1462547 (E.D. Pa. May 21, 2025) ................................................. 8-9, 17

*In re Nike, Inc. Sec. Litig.*,
    2024 WL 4579499 (D. Or. Oct. 25, 2024) ...............................................................11

*Northstar Fin. Advisors Inc. v. Schwab Invs.*,
    779 F.3d 1036 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en
    banc* (Apr. 28, 2015) .................................................................................................19

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
    63 F. Supp. 3d 394 (D. Del. 2014).........................................................................6, 11

*P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*,
    161 F. Supp. 2d 355 (D.N.J. 2001) .......................................................................9, 13

*Pa. Psychiatric Soc. v. Green Spring Health Servs., Inc.*,
    280 F.3d 278 (3d Cir. 2002).......................................................................................12

*Patel v. Coinbase Glob., Inc.*,
    2022 WL 17582549 (D.N.J. Dec. 12, 2022) ............................................................11

*Petroleos Mexicanos Refinacion v. M/T KING A (EX-TBILISI)*,
    377 F.3d 329 (3d Cir. 2004)..........................................................................................3

*Powers v. Ohio*,
    499 U.S. 400 (1991).....................................................................................................13

*Purpura v. Christie*,
    687 F. App'x 208 (3d Cir. 2017) ...............................................................................14

*In re Rosetta Genomics, Inc.*,
    2026 WL 816787 (D. Del. Mar. 25, 2026) ................................................................6

*Sci. Telecomms. LLC v. ADTRAN, Inc.*,
    2016 WL 4055684 (D. Del. July 25, 2016) ............................................1, 2, 5, 15

*SEB Inv. Mgmt. AB v. Wells Fargo & Co.*,
    2025 WL 1243818 (N.D. Cal. Apr. 25, 2025) .........................................................11

*Sec'y of State of Md. v. Joseph H. Munson Co.*,
    467 U.S. 947 (1984).....................................................................................................12

*In re Semcrude, L.P.*,
2010 WL 4537921 (D. Del. Oct. 26, 2010) ........................................................................2, 15

*Sokolow v. LJM Funds Mgmt., Ltd.*,
2018 WL 3141814 (N.D. Ill. June 26, 2018) ........................................................................18

*Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*,
554 U.S. 269 (2008)................................................................................................10, 12, 13

*State Nat'l Ins. Co. v. Cnty. of Camden*,
824 F.3d 399 (3d Cir. 2016)..........................................................................................5

*Storino v. Borough of Point Pleasant Beach*,
322 F.3d 293 (3d Cir. 2003)........................................................................................14

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*,
600 U.S. 181 (2023)......................................................................................................12

*Thole v. U. S. Bank N.A.*,
590 U.S. 538 (2020)................................................................................................12, 13

*Titelman v. Rite Aid Corp.*,
2002 WL 32351182 (E.D. Pa. Feb. 5, 2002) .............................................................5

*Tomaine v. Selip & Stylianou, LLP*,
2024 WL 3440170 (D.N.J. July 17, 2024)................................................................16

*United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc.*,
517 U.S. 544 (1996)................................................................................................10, 12

*United States v. Aion Mgmt., LLC*,
2025 WL 1770791 (D. Del. June 26, 2025)................................................................9

*United States v. Alsol Corp.*,
2017 WL 11634556 (D.N.J. Jan. 17, 2017) ..............................................................11

*In re Vivendi Universal, S.A. Sec. Litig.*,
605 F. Supp. 2d 570 (S.D.N.Y. 2009)....................................................................7, 19

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*,
549 F.3d 100 (2d Cir. 2008).............................................................................. 2, 10-11

*Weston v. DocuSign, Inc.*,
2022 WL 1301770 (N.D. Cal. Apr. 18, 2022) ..........................................................11

*Whitmore v. Arkansas*,
495 U.S. 149 (1990)......................................................................................................12

v

*Yangjiang Xinhe Houseware Co., Ltd. v. Telebrands Corp.*,
  2026 WL 381687 (D. Del. Feb. 11, 2026) ..........................................................................17, 19

**Statutes**

28 U.S.C. § 1292(b) ...............................................................................................1, 9, 14, 18

**INTRODUCTION**

The Court's Order on Defendants' motion to dismiss correctly "reject[ed] Defendants' challenge to SEB's standing," applying "[c]ase law hold[ing] that a foreign asset manager such as SEB has standing to sue on behalf of its investment funds." D.I. 72 ("Order") ¶¶ 5, 7. Defendants' mere disagreement with the Order is not grounds for interlocutory review.[1]

To obtain interlocutory review, Defendants must establish: (i) "a controlling question of law"; (ii) "as to which there is substantial ground for difference of opinion"; and that (iii) "an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) ("Section 1292(b)"). Defendants' Motion fails every prong. Even when these stringent requirements are satisfied—and here they are not—certification remains discretionary, to be granted "sparingly" and only in "exceptional circumstances." *Sci. Telecomms. LLC v. ADTRAN, Inc.*, 2016 WL 4055684, at *1 n.1 (D. Del. July 25, 2016). Defendants fail to show *any* circumstances justifying the extraordinary remedy they seek.

*First*, the issue of SEB's standing is not purely a question of law, as confirmed by cases finding that SEB has standing based on extensive evidentiary submissions detailing SEB's legal and fiduciary relationship with its funds. Since the standing determination here involves the application of well-settled standing principles to these specific fact-intensive questions, it is a mixed question of law and fact that is inappropriate for interlocutory review. Even if Defendants' view of the law were correct (it is not), the result would not be outright dismissal, but allowing SEB an opportunity to allege additional facts establishing that it does, in fact, have "full power and authority to bring suit" on behalf of its funds. Order ¶ 7. In fact, *after* filing their Motion,

---

[1] Unless otherwise stated, all emphases and alterations have been added and all internal citations, alterations and quotations have been omitted. "Motion" or "Br." refers to Defendants' Memorandum of Law in Support of their Motion for Interlocutory Appeal (D.I. 78).

Defendants propounded document requests related to SEB's relationship with its funds and ability to assert claims on their behalf. Defendants' discovery efforts belie their arguments that the Order implicates a controlling, purely legal question.

*Second*, there is not a substantial ground for difference of opinion, as confirmed by Defendants' failure to cite a single decision finding that SEB or similar asset managers lack standing to assert claims on behalf of their funds. Defendants' characterization of *W.R. Huff Asset Management Co. v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008) as an "outlier" that "directly conflict[s]" with controlling precedent (Br. at 1) is incorrect. *Huff* applied a long and consistent common-law tradition of permitting representative parties, including trustees, guardians, receivers, executors, and others to sue on behalf of those whose interests they are authorized to represent. 549 F.3d at 109-10 (citing *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287-88 (2008)). Consistent with *Huff*, numerous courts have held that foreign asset managers like SEB have standing, and Defendants fail to point to any on-point authority holding otherwise.

*Third*, interlocutory appeal will not materially advance the litigation. Defendants have yet to take any discovery related to SEB's standing. Allowing interlocutory review will just cause "the litigation [to] be considerably delayed due to the time and cost that would be expended by the parties in briefing and arguing the appeal[]." *In re Semcrude, L.P.*, 2010 WL 4537921, at *4-5 (D. Del. Oct. 26, 2010).

*Finally*, Defendants have not demonstrated any "exceptional circumstances" justifying interlocutory review. *Sci. Telecomms.*, 2016 WL 4055684, at *1 n.1. The issue of SEB's standing is neither novel nor recurring in the sense relevant to Section 1292(b). The identical issue has been considered and resolved consistently by courts across multiple Circuits. Waiting for final judgment

will not cause the kind of prejudice or inefficiency that justifies departing from the general rule against interlocutory review. *Petroleos Mexicanos Refinacion v. M/T KING A (EX-TBILISI)*, 377 F.3d 329, 335 (3d Cir. 2004) ("There are countless cases where a district court rejects a defendant's challenge to the plaintiff's standing; in that posture, defendants simply may not seek immediate review in the court of appeals."). Defendants' arguments as to the valid assignment from Gamla Liv—an independent basis for SEB's standing—are particularly inappropriate for interlocutory review. Defendants concede that the Order "did not reach that issue" (Br. at 2, 10), and the Third Circuit will not "reach an issue posed by an order appealed under section 1292(b) where that issue was not addressed by the district court." *Miller v. Bolger*, 802 F.2d 660, 666 (3d Cir. 1986).

Accordingly, the Court should deny Defendants' Motion.

## BACKGROUND

SEB is an asset manager based in Sweden that offers a broad range of funds and tailored portfolios for institutional investors, as well as for retail and private banking clients. D.I. 54 ¶ 33. As the fund company for the SEB Investment Management Funds ("SEB Funds")[2], which are not legal entities, SEB is required to represent the SEB Funds in all legal and financial matters. D.I. 54-1 at ¶ 4 n.1. Additionally, SEB holds a valid assignment of claims from Gamla Livförsäkringsaktiebolaget SEB Trygg Liv ("Gamla Liv"), executed on July 31, 2024, before SEB filed its motion for appointment as lead plaintiff on August 2, 2024. *Id.*; *see* D.I. 15-1 at 8-10. The Court appointed SEB to serve as Lead Plaintiff on behalf of a proposed class of investors harmed by Defendants' alleged misrepresentations. D.I. 38.

In their motion to dismiss, Defendants argued that SEB lacked Article III standing. D.I. 61

---

[2] These include: SEB Dynamisk Aktiefond, SEB Fund 3 - SEB Global Exposure Fund, SEB Fund 3 - SEB Pension Fund, SEB Fund 3 - SEB Pension Fund Extra, SEB Fund 3 - SEB Pension Fund Plus, SEB Fund 3 - SEB US Exposure Fund, SEB Global Aktiefond, SEB Global Equal Opportunity Fund, SEB Stiftelsefond Utland, SEB Världenfond.

at 9-10. After full briefing, the Court "reject[ed] Defendants' challenge to SEB's standing." Order ¶ 7. The Court cited "[c]ase law hold[ing] that a foreign asset manager such as SEB has standing to sue on behalf of its investment funds—even though SEB itself did not purchase or sell the securities at issue." *Id.* ¶ 5. The Court further noted that "SEB has served as lead plaintiff in multiple securities class actions." *Id.* ¶ 6.

The Court found that SEB's allegations that it "has 'full power and authority to bring suit to recover for its investment losses,'" that the "SEB Investment Management Funds cannot be represented in legal action(s) by any entity other than [SEB]," and that SEB "describes itself as an 'asset manager' that 'offers a broad range of funds . . . for institutional investors'—the same funds that were allegedly injured by Humana's alleged misrepresentations" were "sufficient to allege standing." Order ¶ 7 (brackets in original). Because the Court sustained SEB's third-party standing to sue for the SEB Funds, the Court did not reach the issue of whether the assignment from Gamla Liv independently gave SEB standing. *Id.*

On May 28, 2026, Defendants served their First Requests for Production of Documents ("Requests") on SEB. D.I. 82. The Requests sought the following categories of documents related to SEB's standing allegations:

> No. 27: From any time period, Plaintiff's articles of incorporation, bylaws, and similar organizational documents that were in effect from July 27, 2022 to the present.
>
> No. 29: From July 27, 2022 to the present, all documents or communications that refer or relate to any resolutions or other actions of Plaintiff's board of directors, board of trustees, or any other similar board that authorizes or empowers any officer, director, or employee of Plaintiff to act on behalf of Plaintiff in connection with this Action.
>
> No. 30: From any time period, all documents or communications that refer or relate to Plaintiff's allegation that SEB Funds AB "is required to represent the SEB Investment Management Funds in all legal and financial matters" and "[t]he SEB Investment Funds cannot be represented in any legal action(s) by any entity other than" SEB Funds AB (D.I. #15-1 ¶ 4 n.1).

4

No. 31: From any time period, all documents or communications that refer or relate to Plaintiff's allegation that SEB Funds AB "is required to represent" Gamla Liv "in all legal and financial matters" and Gamla Liv "cannot be represented in any legal action(s) by any entity other than" SEB Funds AB (D.I. #15-1 ¶ 4 n.1).

No. 32: From any time period, all documents or communications that refer or relate to the Assignment of Claims and Power of Attorney (D.I. # 15-1).

## LEGAL STANDARD

The final judgment rule provides that parties may only appeal orders "which end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 408 (3d Cir. 2016). Section 1292(b) sets forth a narrow exception to the final judgment rule, to be applied "sparingly." *Sci. Telecomms.*, 2016 WL 4055684, at *1 n.1 ("Certification of an interlocutory appeal should be granted sparingly and only in exceptional circumstances."); *see also Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958) ("It is quite apparent from the legislative history . . . that Congress intended that section 1292(b) should be sparingly applied."). The moving party must demonstrate that it meets all three independent criteria set forth in Section 1292(b) and that there are "exceptional circumstances" that "justify[] the need for immediate review." *Arbor Glob. Strategies LLC v. Xilinx, Inc.*, 2020 WL 6384205, at *2 (D. Del. Oct. 30, 2020). Certification "is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976). "A district court should . . . exercise its discretion to grant certification mindful of the strong federal policy against piecemeal appeals." *Titelman v. Rite Aid Corp.*, 2002 WL 32351182, at *1 (E.D. Pa. Feb. 5, 2002). A motion for certification "should not be granted merely because a party disagrees with the ruling of the district judge." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996).

## ARGUMENT

### I.   THE STATUTORY REQUIREMENTS FOR INTERLOCUTORY APPEAL ARE NOT SATISFIED

#### A.   The Issue of SEB's Standing Is Not a Pure Question of Law

Defendants' Motion fails at the first step of the Section 1292(b) inquiry, which requires that the challenged order implicates a "controlling question of law . . . as opposed to one of fact or a mixed question of law and fact." *Arbor Glob.*, 2020 WL 6384205, at *2 (denying certification where "the question of Plaintiff's standing is not solely an issue of law"). Interlocutory appeal is reserved for "'pure' questions of law, as opposed to a question that requires the application of law to facts." *In re Essar Steel Minn. LLC*, 667 B.R. 803, 812 (D. Del. 2025) (citing *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977) (en banc) ("28 U.S.C. § 1292(b) is not designed for review of factual matters")); *see In re Rosetta Genomics, Inc.*, 2026 WL 816787, at *2 (D. Del. Mar. 25, 2026) ("a controlling question of law must be one that the reviewing court could decide quickly and cleanly without having to study the record").

SEB's standing is not a pure question of law. Asset managers like SEB have standing to represent their funds under the "prudential exception" to Article III if there is: "(1) a close relationship to the injured [funds] and (2) a barrier to the injured [funds'] ability to assert [their] own interests." *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402 (D. Del. 2014) (quoting *Huff*, 549 F.3d at 109). Whether these circumstances exist necessarily implicates factual considerations concerning the relationships between SEB and the SEB Funds, including whether "SEB has 'full power and authority to bring suit to recover for [the SEB Funds'] investment losses'" and whether the SEB Funds "'cannot be represented in legal action(s) by any entity other than [SEB].'" Order at ¶ 7 (citing D.I. 54-1 ¶ 4 & n.1) (second brackets in original). Defendants now raise other factual questions, including whether SEB "has legal title to the claims

6

of the SEB [] Funds." Br. at 8. Confirming that factual questions are in play, Defendants' Requests

seek documents related to SEB's allegations that it "is required to represent the [SEB Funds] in all

legal and financial matters," and that the SEB Funds "cannot be represented in legal action(s) by

any entity other than" SEB, D.I. 15-1 ¶ 4 n.1, among other requests. *See supra* at 4-5.

Cases in which courts have considered, and rejected, identical challenges to SEB's standing

further demonstrate the factual nature of such questions. In *Vivendi*, the court rejected the

defendants' standing arguments at summary judgment based on a full evidentiary record that

included discovery into fund documents, depositions of fund personnel, and declarations from

foreign legal experts. *In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d 570, 577-85

(S.D.N.Y. 2009). The court summarized the relevant factual record as follows:

> Defendants' expert concedes that the fund "does not have standing before a court
> of law, as it is not a legal person," that the management company "shall represent
> the [investors in the fund] in respect to all issues," and that "the Swedish
> management company shall act in its own name stating the fund's generic name."
> Defendants' expert further concedes that in writing the law governing the funds,
> the legislature intended to "import the main characteristics of the Common law
> trust."

*Id.* at 581 (alterations in original). Based on this evidence, *Vivendi* held that that SEB "has standing

to sue on behalf of the [Swedish] fund because it qualifies for the *Huff* exception." *Id.*

Similarly, in *City of Taylor*, the court found that SEB had standing to represent its funds

based on "various declarations or position papers from lawyers in Sweden and [Luxembourg],

opining that under those nations' laws, the funds themselves are not legal entities capable of

possessing causes of action in their own names, and must instead pursue such claims through SEB,

the fund manager." *City of Taylor Police & Fire Ret. Sys. v. W. Union Co.*, 2014 WL 4799659, at

*3 (D. Colo. Sep. 26, 2014). The court summarized the evidence as follows:

> [A]ttorney Anders Månsson opines that under Swedish law, "the Fund is not a legal
> entity [and] has no legal capacity whatsoever." He states that SEB "is authorised to
> make all decisions on the Fund's behalf including, for example, decisions to

> purchase and sell securities . . . and decisions to initiate legal actions and to pursue claims relating to investments made on the Fund's behalf." He notes that "the Fund does not have any right to appear before a court of law or any other public authority in any capacity. Any action relating to a Swedish investment fund must be brought by or against the fund company, in this case, [SEB]." He states that under Sweden's Investment Funds Act, "the powers usually associated with the ownership of the assets in the investments" are held by SEB, not the funds themselves. Thus, "Swedish law authorizes [SEB] to bring suit in its own name . . . on the Fund's behalf." . . . Thus, SEB . . . both occupies a close relationship with the investment funds themselves–indeed, *it is, for all transactional purposes, the funds' alter ego*–and that an obstacle–the lack of independent corporate existence by the funds themselves–prevent the funds from bringing this action in their own name.

*Id*. Based on this evidence, the court found that "concerns about SEB's standing are unfounded" and that "SEB comfortably fits within *Huff's* 'prudential exception,' given that SEB holds trustee-like powers over the funds property and the funds are prohibited under Swedish and Luxembourg law from bringing the claims herein in their own right." *Id.* at *5.

Defendants overlook these factual questions, concluding, without analysis, that their Motion raises a controlling question of law because "if the Third Circuit reverses the Order, Plaintiff's claims will be dismissed." Br. at 4. Not so. The Order found that SEB's standing allegations were "sufficient to allege standing," Order at ¶ 7, while citing cases finding that SEB in fact had standing based on fulsome evidentiary records. *Id.* at ¶ 6 (citing *City of Taylor*, 2014 WL 4799659, at *5; *Vivendi*, 605 F. Supp. 2d at 581).

Even if the Third Circuit were to disagree, the result would not be dismissal, but a remand to allow SEB to allege additional facts showing that it does, in actuality, have "full power and authority to bring suit to recover for its [Funds'] investment losses," that the SEB Funds "cannot be represented in legal action(s) by any entity other than [SEB]," D.I. 54-1 ¶ 4 & n.1, and that "SEB holds trustee-like powers over the funds property." *City of Taylor*, 2014 WL 4799659, at *5; *see MLB Players, Inc. v. DraftKings, Inc.*, 2025 WL 1462547, at *5 (E.D. Pa. May 21, 2025)

8

("[E]ven if the Third Circuit adopted DraftKings's interpretation of the [relevant law], it remains premature to rule on the *factual question*" applying that law to the facts) (emphasis in original).

Because "Defendants' contentions pertaining to the controlling law of this case . . . tie into the sufficiency of the allegations, i.e., the adequacy of the facts . . . asserted regarding [standing]," they fail to establish a controlling question of law. *In re Coinbase Glob., Inc. Sec. Litig.*, 2025 WL 2779024, at \*26 (D.N.J. Sep. 30, 2025); *see Johnson v. PG Pub'g Co.*, 2021 WL 4171420, at \*2 (W.D. Pa. Sep. 14, 2021) (no "controlling question of law . . . when the dispute turns on the court's application and interpretation of the facts"); *H. Lundbeck A/S v. Apotex Inc.*, 2019 WL 6065466, at \*2 (D. Del. Nov. 15, 2019) (denying certification where question "raises a number of factual issues"); *Arbor Glob.*, 2020 WL 6384205, at \*2 (same).[3]

### B.      Defendants Fail to Identify a Substantial Ground for Difference of Opinion

Defendants fall short of establishing a "substantial ground for difference of opinion" concerning SEB's standing. 28 U.S.C. § 1292(b). A party's "mere disagreement with the district court's ruling is not enough to demonstrate a substantial ground for difference of opinion." *United States v. Aion Mgmt., LLC*, 2025 WL 1770791, at \*4 (D. Del. June 26, 2025); *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 361 (D.N.J. 2001) (denying certification where defendant's "ground for dispute consists essentially of its own disagreement with this Court's conclusion"). Nor is a dispute over the application of settled law to a particular set of facts. *AMC Investors LLC v. Eugenia VI Venture Holdings Ltd.*, 2012 WL 868775, at \*2 (D. Del. Mar. 14, 2012).

---

[3] Defendants' reliance (Br. 4-5) on *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) is misplaced. *Katz* involved interlocutory review of a class certification (prior to the enactment of Rule 23(f)) and "there were other overriding legal issues" present. *Link*, 550 F.2d at 863 (discussing *Katz* and stressing that Section "1292(b) is not designed for review of factual matters").

Critically, Defendants fail to cite any authority that "directly conflict[s]" with the Order. Br. at 5. Rather, as in their motion to dismiss briefing (D.I. 61 at 9-10; D.I. 63 at 2-4; D.I. 67 at 2-6), Defendants continue to rely on cases arising in entirely distinguishable contexts that have no bearing on *Huff* or its application to SEB. Br. at 5-7 & n.1.

Defendants' claim that *Huff* is inconsistent with "Supreme Court and Third Circuit precedent" (Br. at 5) ignores that *Huff* followed the long line of cases holding that "in certain circumstances, particular relationships (recognized either by common-law tradition or by statute) are sufficient to rebut the background presumption . . . that litigants may not assert the rights of absent third parties." *United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc.*, 517 U.S. 544, 557 (1996). These "circumstances" include a "wide variety" of contexts where "accepted common-law practice permits one person to sue on behalf of another." *Id.* (citing *In re Oil Spill by the Amoco Cadiz Off the Coast of France on Mar. 16, 1978*, 954 F.2d 1279, 1319 (7th Cir. 1992) (per curiam) ("[R]epresentative damages litigation is common—from class actions . . . to suits by trustees representing hundreds of creditors in bankruptcy to *parens patriae* actions by state governments to litigation by and against executors of decedents' estates.")).

The Supreme Court reiterated this established Article III doctrine in *Sprint* when it stated that "federal courts routinely entertain suits which will result in relief for parties that are not themselves directly bringing suit," including "[t]rustees," "guardians ad litem," "receivers," "executors," "and so forth." 554 U.S. at 287-88. In *Huff*, the Second Circuit applied this same principle, stating that "[t]here are, indeed, a few well-recognized, prudential exceptions to the 'injury-in-fact' requirement" that "permit third-party standing where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." 549 F.3d at 109; *see id.* at 109-10 ("In this vein, courts historically have

10

permitted '[t]rustees [to] bring suits to benefit their trusts; guardians ad litem [to] bring suits to benefit their wards; receivers [to] bring suit to benefit their receiverships; assignees in bankruptcy [to] bring suit to benefit bankrupt estates; [and] executors [to] bring suit to benefit testator estates.'") (quoting *Sprint*, 554 U.S. 287-88) (brackets in original).[4]

As Defendants concede (Br. at 9), these deeply rooted standing principles have been uniformly applied by numerous district courts to find that SEB and similar investment managers have third-party standing to represent their funds. *See, e.g.*, *OFI*, 63 F. Supp. 3d at 403-05; *Patel v. Coinbase Glob., Inc.*, 2022 WL 17582549, at *5 (D.N.J. Dec. 12, 2022); *SEB Inv. Mgmt. AB v. Wells Fargo & Co.*, 2025 WL 1243818, at *4 (N.D. Cal. Apr. 25, 2025) ("courts have routinely found asset managers like SEB to have standing") (citing cases); *In re Nike, Inc. Sec. Litig.*, 2024 WL 4579499, at *7-8 (D. Or. Oct. 25, 2024); *Bricklayers' & Allied Craftworkers Loc. #2 Albany, NY Pension Fund v. New Oriental Educ. & Tech. Grp. Inc.*, 2022 WL 1515451, at *4 (S.D.N.Y. May 13, 2022); *Weston v. DocuSign, Inc.*, 2022 WL 1301770, at *5 (N.D. Cal. Apr. 18, 2022); *Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *7 (S.D.N.Y. June 12, 2020). By contrast, Defendants do not identify a ***single case*** finding that SEB or similar asset managers lack standing to represent their funds. Their failure to do so is all the more glaring given that *Huff* was decided over 17 years ago. *See United States v. Alsol Corp.*, 2017 WL 11634556, at *3 (D.N.J. Jan. 17, 2017) ("no substantial ground for a difference of opinion" where "substantial disagreement has not developed" about interpretation of case decided 15 years prior).

In the face of this overwhelming authority, Defendants claim that an independent injury-

---

[4] Contrary to Defendants' suggestion (Br. at 9 n.5), *Huff*'s statement of the law on third-party standing has been cited with approval by subsequent Second Circuit panels. *See, e.g., Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) ("This rule against third-party standing is not absolute.") (citing *Huff*, 549 F.3d at 109).

11

in-fact suffered by the litigant is ***always*** required, and that the Order approved an injury-in-fact exception unavailable to "all other civil litigants." Br. at 6-7, 9. This claim is simply unfounded.

Defendants' position cannot be reconciled with the numerous Supreme Court and Third Circuit cases allowing various litigants to sue in the ***absence*** of an independent Article III injury, including in the case of: (i) organizations suing on behalf of their members, *see, e.g.*, *United Food*, 517 U.S. at 552 ("an organization may sue to redress its members' injuries, even without a showing of injury to the association itself"); *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023); *Pa. Psychiatric Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 283 (3d Cir. 2002); *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 261 (3d Cir. 2009) (same); (ii) "next friend" standing in habeas corpus actions, *see, e.g.*, *Whitmore v. Arkansas*, 495 U.S. 149, 161-64 (1990); (iii) physicians asserting the constitutional rights of their patients, *see, e.g.*, *Griswold v. Connecticut*, 381 U.S. 479, 480-81 (1965); (iv) actions brought under the First Amendment, where the Supreme Court has "relaxed [its] rules of standing without regard to the relationship between the litigant and those whose rights he seeks to assert," *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 957 n.7 (1984) (citing *Thornhill v. Alabama*, 310 U.S. 88, 97–98 (1940)); and (v) as recognized in *Sprint*, in the case of "[t]rustees," "guardians ad litem," "receivers," "executors," "and so forth." 554 U.S. at 287-88; *see, e.g.*, *Hudson v. Columbia Life Ins. Co.*, 2021 WL 2823074, at *2-3 (E.D. Pa. July 6, 2021) (rejecting argument that executor "lacks standing because he has not suffered an injury in his individual capacity" because of executor's "[t]hird party standing") (citing *Sprint*, 554 U.S. at 287-88); *cf. Thole v. U. S. Bank N.A.*, 590 U.S. 538, 544 (2020) (plan beneficiaries lacked standing because unlike

"cases involving guardians, receivers, and executors," the "plaintiffs have not been legally or contractually appointed to represent the plan") (citing *Sprint*, 554 U.S. at 269).[5]

Defendants' argument that *Huff* misconstrued *Sprint* fares no better. Defendants assert, without citing ***any authority***, that "trustees, guardians ad litem, receivers, assignees, and executors have legal right and/or title to the claims of trusts, wards, receiverships, bankrupt estates, and estates, respectively, either by law or contract, so they satisfy the 'injury in fact' requirement." Br. at 8. Defendants' "bare assertion" does not establish a "substantial ground for a difference of opinion." *Cendant*, 161 F. Supp. 2d at 361. Moreover, Defendants overlook the Order's citation to cases finding that SEB has standing precisely ***because*** it "holds trustee-like powers over the funds property." Order ¶ 6 (citing *City of Taylor*, 2014 WL 4799659, at *5; *Vivendi*, 605 F. Supp. 2d at 581). Defendants offer no basis to dispute these findings, and their efforts to distinguish SEB from the categories of plaintiffs who they concede may assert claims on behalf of third parties (Br. at 8) confirms that their arguments about supposedly conflicting precedent actually raise factual disputes about SEB's legal authority vis-à-vis the SEB Funds.[6]

Finally, Defendants' citations to inapposite cases (Br. at 6-7) involving plaintiffs who sought to enforce the rights of unrelated third-parties with whom they shared no legal or contractual relationships have no bearing on the analysis of SEB's standing. *See, e.g.*, *Powers v. Ohio*, 499 U.S. 400, 415 (1991) (addressing whether "a defendant in a criminal case can raise the third-party equal protection claims of jurors excluded by the prosecution because of their race");

---

[5] Defendants' suggestion that *Sprint* addressed only redressability, and not injury-in-fact (Br. at 8 n.3) ignores *Sprint*'s statement that "specific standing requirements (injury in fact, redressability, and causation) are flip sides of the same coin," 554 U.S. at 288, and the Supreme Court's later citation to *Sprint* when discussing injury-in-fact in *Thole*, 590 U.S. at 543-44.

[6] Defendants' efforts to conduct discovery related to SEB's power and authority to represent the SEB Funds (*supra* at 4-5) underscores that their arguments are factual, rather than purely legal.

13

*FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 379, 386 (2024) (doctors with "general legal, moral, ideological, and policy concerns" related to abortions sued to enjoin FDA regulation of contraceptive); *Hollingsworth v. Perry*, 570 U.S. 693, 706-07 (2013) (proponents of ballot initiative intervened "to vindicate the constitutional validity of a generally applicable California law"); *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 298-99 (3d Cir. 2003) (landowners sought to assert the equal-protection rights of a class of which they were not members).[7] None of these plaintiffs remotely resemble SEB, which possesses both the legal authority and fiduciary duty to represent the SEB Funds' interests, and is the *only* entity that can do so. D.I. 15-1 ¶ 4 n.1; *see Bernstein v. JPMorgan Chase Bank, N.A.,* 2025 WL 3753911, at *7 (S.D.N.Y. Dec. 29, 2025) ("no substantial ground for difference of opinion exists" where "the cases cited are . . . inapposite to the issue implicated by the instant action").

### C.    Interlocutory Appeal Will Not Materially Advance the Litigation

Defendants cannot establish that certification will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendants' sole argument is that "if the Third Circuit reverses the Order, Plaintiff's claims will be dismissed." Br. at 4. For the reasons above, that is incorrect. *Supra* at 8-9. Moreover, "obtaining reversal of an opinion denying a motion to dismiss will *always* contain the possibility of a dismissal," and so does not itself support certification. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014) (emphasis in original). If the rule were otherwise, interlocutory appeals would be

---

[7] *See also Purpura v. Christie*, 687 F. App'x 208, 210 (3d Cir. 2017) (gun owner challenged statute regulating guns based on speculative constitutional arguments); *In re Majestic Star Casino, LLC*, 716 F.3d 736, 748 (3d Cir. 2013) (subsidiary sought to assert rights of "its S-corp parent"); *Interactive Media Ent. & Gaming Ass'n v. Atty. Gen. of U.S.*, 580 F.3d 113, 118 (3d Cir. 2009) (litigant challenging gambling regulation did "not itself have any relationship with individual gamblers").

the norm, rather than "a 'rare exception' to the general rule that an appeal must await final judgment." *Agostino v. Costco Wholesale Corp.*, 2021 WL 7184490, at \*4 (D.N.J. Aug. 27, 2021).

Additionally, Defendants recently served document requests on SEB related to SEB's standing allegations. *Supra* at 4-5. Granting the Motion would result in the parties briefing an appeal while simultaneously conducting discovery related to SEB's standing, and thus inhibit the termination of this litigation. *See Semcrude*, 2010 WL 4537921, at \*4-5; *Johnson*, 2021 WL 4171420, at \*3 ("Certifying the case for appeal only to have it remanded by the Third Circuit for further factual development will not materially advance this litigation.").

## II. DEFENDANTS FAIL TO DEMONSTRATE EXCEPTIONAL CIRCUMSTANCES JUSTIFYING INTERLOCUTORY REVIEW

Even where the statutory requirements are met (unlike here), certification is appropriate only in "exceptional circumstances." *Sci. Telecomms.*, 2016 WL 4055684, at \*1 n.1. None of Defendants' justifications for interlocutory review constitute exceptional circumstances. Br. 5. In particular, Defendants argue that interlocutory review is warranted because the Order misapplied "bedrock Article III standing principles that are well-established in Supreme Court and Third Circuit precedent." *Id.* at 11. As shown above, Defendants' arguments boil down to a disagreement with the Court's analysis, a selective reading of Supreme Court and Third Circuit precedent, and unsupported factual assertions made without the benefit of discovery. *Supra* at 6-14. Defendants' other justifications are equally misguided.

*First*, Defendants argue that interlocutory appeal is warranted because district courts' application of *Huff* is purportedly a "recurring issue that has escaped appellate review." Br. at 10. However, Defendants do not cite a single instance in which this occurred (e.g., by identifying cases in which motions for interlocutory review of decisions applying *Huff* were denied, where the Third Circuit denied petitions under Rule 23(f) raising this issue, or where such arguments were made at

15

summary judgment and the parties settled before trial). The mere fact that the Third Circuit has not ruled on this issue is not an exceptional circumstance. *Link*, 550 F.2d at 863 ("In affording immediate appellate review of 'controlling questions of law,' [Section] 1292(b) was not designed to substitute wholesale appellate certainty for trial court uncertainty[.]"); *Johnson*, 2021 WL 4171420, at *3 (rejecting argument that "the Third Circuit has not yet addressed the precise First Amendment issue" as a basis for certification).

*Second*, Defendants claim it would be "inefficient" to wait until final judgment to seek the Third Circuit's review of SEB's standing. Br. at 11-12.[8] But this can be said of every standing determination. Since "standing is always a threshold issue," the fact that "a district court rejects a defendant's challenge to the plaintiff's standing" does not justify "seek[ing] immediate review in the court of appeals." *Griswold v. Coventry First LLC*, 762 F.3d 264, 269 (3d Cir. 2014) (citing *Petroleos Mexicanos*, 377 F.3d at 335). Defendants point to no facts that distinguish this case from the run-of-the-mill case in which a standing challenge is rejected and the litigation proceeds in the ordinary course. *See, e.g.*, *Arbor Glob.*, 2020 WL 6384205, at *1-2 (denying certification of challenge to standing decision that would dispose of entire suit); *Tomaine v. Selip & Stylianou, LLP*, 2024 WL 3440170, at *3 (D.N.J. July 17, 2024) (same); *In re Barsan Contractors*, 2010 WL 3907116, at *4 (D.N.J. Sep. 30, 2010) (denying certification of decision that bankruptcy trustee "had standing to bring a claim for accounting malpractice on behalf of the estate"). If anything, the overwhelming weight of authority supporting this Court's application of *Huff*, including numerous cases involving SEB, *supra* at 6-8, 10-11, weighs strongly against piecemeal appellate

---

[8] Plaintiff understands that in making this argument as a basis for Section 1292(b) certification at this stage, Defendants will abstain from seeking interlocutory review of any future non-final decisions concerning SEB's standing, including at class certification and summary judgment.

16

review. *See Barsan Contractors*, 2010 WL 3907116, at *4 (denying certification where defendants "disagree[d] with the [court's] application of the law to the facts" on issue of trustee's standing).

This Court's decision in *Yangjiang Xinhe Houseware Co., Ltd. v. Telebrands Corp.*, 2026 WL 381687 (D. Del. Feb. 11, 2026), a patent case seeking a declaratory judgment of noninfringement, does not compel a different result. There, the plaintiff's sole basis for declaratory relief "depend[ed] on whether it was obligated to indemnify its customers for infringement liability at the time [the] action was filed," *id.* at *2, but the plaintiff's indemnification obligations arose only *after* it filed suit. *Id.* at *3. Therefore, it was clear that the plaintiff "lacked standing to pursue its declaratory judgment claims when it filed [its] suit." *Id.* Here, Defendants do not dispute that SEB's claims accrued prior to the filing of the initial complaint, and their challenge to SEB's standing rests on a strained reading of inapplicable cases and conflicts with numerous decisions finding that SEB has standing in identical contexts. *Supra* at 6-14.

## III.    SEB'S STANDING BASED ON GAMLA LIV'S ASSIGNMENT, WHICH THE COURT HAS NOT RULED ON, IS NOT A VALID BASIS FOR CERTIFICATION

Defendants seek certification of whether the assignment from Gamla Liv to SEB independently confers Article III standing. Br. at 10-11. However, as they acknowledge, "[t]he Order did not reach" that question. *Id.* at 10. The Third Circuit will not "reach an issue posed by an order appealed under section 1292(b) where that issue was not addressed by the district court." *Miller*, 802 F.2d at 666; *Katz*, 496 F.2d at 764 ("We cannot exercise appellate jurisdiction over an issue not yet decided in the district court."). Because the Order did not decide this question, there is no ruling to certify. *MLB Players*, 2025 WL 1462547, at *2 ("[c]ertification is not appropriate as to" issues not "resolved by" district court).

In any event, Defendants' arguments against SEB's standing based on the assignment do not meet any of the criteria for certification. Defendants fail to establish that the validity of Gamla

17

Liv's assignment is "a controlling question of law" that would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Since Gamla Liv's assignment is an independent basis for SEB's standing, its validity is neither controlling nor outcome-determinative.

Defendants also fail to show "a substantial ground for difference of opinion" about the validity of post-initial complaint assignments in securities class actions subject to the PSLRA. *Id.* Gamla Liv assigned its claims to SEB *before* SEB filed its motion for appointment on August 2, 2024, and *before* SEB filed the Consolidated Complaint on November 20, 2024. D.I. 15-1 at 8-10; D.I. 54. Courts have consistently held that, in securities class actions, lead plaintiffs have Article III standing if they had standing at the time they moved for appointment as lead plaintiff. *See, e.g.*, *In re Bard Assocs., Inc.*, 2009 WL 4350780, at *3 (10th Cir. Dec. 2, 2009) (approving rule "requiring lead plaintiff movants to establish Article III standing [through assignments] by the time the lead plaintiff motions are due"); *Sokolow v. LJM Funds Mgmt., Ltd.*, 2018 WL 3141814, at *5 (N.D. Ill. June 26, 2018) (approving assignment executed "*before* the investment advisors filed" their lead plaintiff motion) (emphasis in original); *Markette v. XOMA Corp.*, 2016 WL 2902286, at *4 (N.D. Cal. May 13, 2016) ("post-complaint assignments of litigation rights have been found valid").

Confirming that the standing analysis is not fixed as of the date of the initial complaint, courts in this Circuit have also permitted lead plaintiffs in securities cases to cure standing issues through assignments executed long after their appointment. *See In re Herley Indus. Inc. Sec. Litig.*, 2009 WL 3169888, at *6, *9 (E.D. Pa. Sep. 30, 2009) (investment advisor serving as lead plaintiff could "continu[e] to serve as lead plaintiff, even if [it] did not have standing at the time of its appointment but has since cured its standing infirmity with a valid assignment"); *In re Celgene Corp. Sec. Litig.*, Case No. 2:18-cv-04772 (MEF) (JBC) (D.N.J. Aug. 25, 2025), D.I. 467 (granting

18

leave to file amended complaint alleging standing based on assignment executed seven years after initial complaint because "the [standing] issue that the proposed amended complaint aims to cure emerged relatively recently" and "lead plaintiff has acted with diligence as to obtaining the assignment"). Courts in other Circuits allow similar flexibility. *See Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043-47, 1065 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Apr. 28, 2015) ("post-complaint assignment from a party that clearly had standing" gave class representative "standing to prosecute this case"); *Vivendi*, 605 F. Supp. 2d at 584-85 (rejecting standing challenge because funds "who have assigned their claims already have ratified [named] plaintiff's action" and permitting funds who had yet to execute assignments "a reasonable time to ratify plaintiffs' lawsuit").

Defendants' reliance on *Lutter v. JNESO*, 86 F.4th 111, 124 (3d Cir. 2023), is misplaced. *Lutter* involved neither a class action nor PSLRA claims, and merely stated the "general rule" that "a plaintiff in federal court must have Article III standing on the date the lawsuit was commenced." *Id. Lutter* then addressed exceptions to this rule, including where an amended complaint includes new allegations related to standing based on events post-dating the initial complaint. *Id.* at 124-26. This Court's ruling in *Telebrands* is similarly distinguishable because it was not a class action, and the individual plaintiff "lacked standing to pursue its declaratory judgment claims when it filed [its] suit." 2026 WL 381687, at *3. Here, SEB unquestionably had standing through the valid assignment at the time it filed the Consolidated Complaint, the only complaint it has filed in this action. D.I. 15-1 at 8-10; D.I. 54.

Finally, Defendants identify no exceptional circumstances justifying interlocutory review. Defendants argue that certification is needed "to fully address Plaintiff's Article III standing" and "because the Third Circuit has not had an opportunity to address whether its precedent . . .

19

precludes standing based on a post-lawsuit assignment" (Br. at 10-11), but fail to cite any authority supporting certification on either ground. There is none. Interlocutory review is limited to issues actually decided by the district court, *Miller*, 802 F.2d at 666, and the fact that "the Third Circuit has not yet addressed" an issue is not a basis for certification. *Johnson*, 2021 WL 4171420, at *3.

<strong>CONCLUSION</strong>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion.

DATED: June 10, 2026

> **BERNSTEIN LITOWITZ BERGER**
> **& GROSSMANN LLP**
>
>   */s/ Anthony M. Calvano*
> Gregory V. Varallo (DE Bar ID #2242)
> Anthony M. Calvano (DE Bar ID #6265)
> 500 Delaware Avenue, Suite 901
> Wilmington, DE 19801
> Telephone: (302) 364-3600
> greg.varallo@blbglaw.com
> anthony.calvano@blbglaw.com
>
> -and-
>
> Robert F. Kravetz (*pro hac vice*)
> 1251 Avenue of the Americas
> New York, NY 10020
> Telephone: (212) 554-1400
> Robert.kravetz@blbglaw.com
>
> *Liaison Counsel for Lead Plaintiff SEB*
> *Funds AB*

20

**KESSLER TOPAZ**
 **MELTZER & CHECK, LLP**
Jamie M. McCall (*pro hac vice*)
Joshua E. D'Ancona (*pro hac vice*)
Nathan A. Hasiuk (*pro hac vice*)
Nathaniel C. Simon (*pro hac vice*)
Farai Vyamucharo-Shawa (DE Bar ID
#7002)
Aubrie L. Kent (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmccall@ktmc.com
jdancona@ktmc.com
nhasiuk@ktmc.com
nsimon@ktmc.com
fshawa@ktmc.com
akent@ktmc.com

*Counsel for Lead Plaintiff SEB Funds AB and
Lead Counsel for the Class*

21