**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE HUMANA INC. SECURITIES LITIGATION | Case No. 1:24-CV-00655-JLH |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING
CONFIDENTIAL DOCUMENTS OR INFORMATION**

Lead Plaintiff SEB Funds AB ("Plaintiff") and Defendants Humana Inc., Bruce D. Broussard, and Susan M. Diamond ("Defendants," and together with Plaintiff, the "Parties"), by and through their undersigned counsel, stipulate to the following terms in this Proposed Protective Order ("Order"), subject to the Court's approval:

1. This Order applies to nonpublic information produced in this Action that any Party or relevant nonparty (a) believes in good faith constitutes confidential or proprietary business, technical, or financial information, commercially or competitively sensitive information, including confidential research or development information, strategic information, or trade secrets, within the meaning of Federal Rule of Civil Procedure 26(c), and (b) upon such belief, designates as "Confidential" or "Highly Confidential" ("Confidential Material").

2. A Party may designate material as Highly Confidential if it has a good-faith basis to believe that the material is, constitutes, or contains: (a) Protected Health Information; or (b) highly sensitive information, the disclosure of which carries a substantial risk of competitive harm.

3. As used in this Protective Order, "Protected Health Information," or "PHI," shall be defined as set forth in 45 C.F.R. § 160.103, including but not limited to: individually identifiable health information, including demographic information, relating to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; medical bills; claims forms; charges sheets; medical records; medical charts; test

1

results; notes or dictation taken by a healthcare provider; itemized billing statements or invoices; or explanations of benefits; and includes all notes, summaries, compilations, extracts, abstracts, or oral communications based on or derived from PHI, regardless of form or format, to the extent they identify or reasonably be could be expected to identify an individual.

4.     The protections conferred by this Order also cover all copies, excerpts, summaries, compilations, or other documents or media (*e.g.*, electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of Confidential Material.

5.     This Order is without prejudice to the right of any Party or nonparty to contest the admissibility, discoverability, or privileged status of any document or information.

6.     **Designation of Confidential Material.**

a.     Any entity or natural person, whether Party or nonparty, responding to discovery requests, providing testimony, or otherwise providing materials in connection with this Action, or possessing a confidentiality interest in produced material, may designate qualifying material as Confidential Material.  Such person or entity is a "Designating Person" under this Order. Any other entity or natural person receiving Confidential Material is a "Receiving Person."

b.     Except as otherwise provided in this Order, material that qualifies for protection under this Order must be clearly designated as "Confidential" or "Highly Confidential", before it is disclosed or produced in order for such material to be considered Confidential Material. Designation of material as "Confidential" or "Highly Confidential" may only be made after a good-faith review by counsel for the Designating Person.

c.     Within thirty days after entry of this Order and subject to the procedures set forth in this Order, any Designating Person may designate as "Confidential" or "Highly Confidential" any documents or information produced before the entry of this Order.

2

7.    **Documents.**

a.    Designating Persons must designate Documents as "Confidential" by placing or affixing on them (in a manner that will not interfere with their legibility) either of the following notices: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL."  In the case of Confidential Material that is produced in native form, the Producing Party shall designate the Confidential Material as "Confidential" by (i) placing the word "CONFIDENTIAL" on a TIFF-placeholder image bearing the production number of the document, (ii) including the word "CONFIDENTIAL" in the file name, or (iii) including the word "CONFIDENTIAL" in a metadata field of a database load file.

b.    Designating Persons must designate Documents as "Highly Confidential" by placing or affixing on them (in a manner that will not interfere with their legibility) either of the following notices: "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL."  In the case of Confidential Material that is produced in native form, the Producing Party shall designate the Confidential Material as "Highly Confidential" by (i) placing the word "HIGHLY CONFIDENTIAL" on a TIFF-placeholder image bearing the production number of the document, (ii) including the word "HIGHLY CONFIDENTIAL" in the file name, or (iii) including the word "HIGHLY CONFIDENTIAL" in a metadata field of a database load file.

c.    Any document designated as "Confidential" or "Highly Confidential" when produced will remain protected unless the Designating Persons and Receiving Persons agree in writing to remove the designation, or as otherwise ordered by the Court.

8.    **Deposition Testimony.** By default, all deposition transcripts are designated as "Confidential" from the date of the deposition and for a period of up to ten business days following

3

the receipt of the final deposition transcript.  The Designating Person proposing to maintain a "Confidential" designation or make a "Highly Confidential" designation with respect to all or part(s) of the transcript must provide written notice of which parts of the transcript it is so designating (i) within ten business days after receipt of the final transcript, or (ii) on the record at the deposition.  Thereafter, only those portions of the deposition designated as "Confidential" or "Highly Confidential" shall be deemed Confidential Material.  Counsel for any Party or nonparty has the right to exclude from oral depositions that such Party or nonparty reasonably and in good faith expects to designate as "Confidential" or "Highly Confidential" any person who is not authorized by Paragraph 11 of this Order to receive or access such Confidential Material.  Any document designated as "Confidential" or "Highly Confidential" that is introduced or discussed during a deposition will maintain that designation and the protections afforded to such Confidential Material without further action by the Designating Person.

9.      **Objections.**

a.      A Receiving Person may object to the designation of materials as "Confidential" or "Highly Confidential" at any time before the final pretrial conference in this Action by giving written notice to the Designating Person.  Failure to do so at the time of the designation shall not operate as a waiver of any Receiving Person's right to challenge the designation of materials as "Confidential" or "Highly Confidential." The written notice must specifically identify the documents or information as to which the objection is made and state with particularity the grounds of the objection.  The Designating Person and Receiving Person must then meet and confer promptly in good faith and attempt to resolve the challenge without Court intervention.

b.      If the Designating Person and the Receiving Person cannot resolve the objection, the Receiving Person challenging the "Confidential" or "Highly Confidential status may bring the dispute before the Court consistent with the Court's procedures governing discovery disputes.  If such a motion is made, any disputed Confidential Material must be treated at its designated level under the terms of this Protective Order until the Court rules that the Confidential Material must be de-designated as "Confidential" or "Highly Confidential." The Designating Person carries the burden of establishing that the contested material merits designation as "Confidential" or "Highly Confidential."

10.     **Use and Control of Confidential Material.**

a.      Confidential Material may not be disclosed or used for any purpose except for trial or other proceedings, or the preparation for trial or other proceedings, in the above-captioned case.

b.      This Order is not intended to preclude any Designating Person from using its own Confidential Material for any purpose.  Such use shall not waive the protections of this Order.

c.      Confidential Material must be securely stored and maintained by a Receiving Person in a manner that reasonably ensures that access is limited to the persons authorized under this Order.  This Paragraph applies to both electronic and physical copies of information.

d.      Counsel must advise all persons to whom they provide Confidential Material of the terms of this Order and inform those persons that they are subject to the terms and conditions of this Order, and, where required by Paragraph 11, obtain a signed Acknowledgment and Agreement to Be Bound (Exhibit A), before providing them with the Confidential Material.

e.    If a Receiving Person learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the Receiving Person must promptly (a) notify in writing the Designating Person of the unauthorized disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

f.    Documents containing Confidential Material may be filed with the Court under seal in accordance with the Court's CM/ECF procedures and applicable local rules.

g.    In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, the Designating Person must file a redacted version of any sealed document within seven days of the filing of the sealed document.

h.    This Order does not apply to any information or material that: (i) was, is, or becomes public knowledge other than through a breach of this Order; or (ii) is acquired or learned by the Receiving Person independent of discovery in this Action.

11.    **Disclosure of Confidential Material.** Confidential Material may not, without the consent of the Designating Person or further order of the Court, be disclosed to anyone other than:

a.    the Parties;

b.    counsel for a Party to this Action and their associated attorneys;

c.    persons employed or associated with the attorneys of the Parties working on this case, including without limitation ESI counsel, contract attorneys, and paralegals, whose assistance is required in discovery, trial, or other proceedings, or the preparation for discovery, trial, or other proceedings, in this case;

d.      persons employed by or associated with the Parties, to the extent such disclosure is necessary for discovery, trial, or other proceedings in this case, or preparation for discovery, trial, or other proceedings in this case;

e.      professional vendors whose duties and responsibilities require access to Confidential Material, including without limitation photocopy services and electronic discovery vendors;

f.      the author, addressee, or recipient of any document, the original source of the information in any document, and others who had access to the document or the information at the time it was created or made available;

g.      expert witnesses and consultants retained in connection with this proceeding and their staff;

h.      the Court and any other court to which this lawsuit is appealed or transferred, or in which a motion concerning a subpoena issued in this lawsuit is filed, and the personnel of any such courts;

i.      mediators, facilitators, case evaluators, and their staff selected by the Parties or appointed by the Court;

j.      professional jury or trial consultants and mock jurors whose duties and responsibilities require access to Confidential Material;

k.      any liability insurance companies from which any Defendant has sought or may seek insurance coverage to provide or reimburse for the defense of this Action or related matters or to satisfy any part of any liability in this Action or related matters;

l.      court reporters and videographers and their staff whose duties and responsibilities require access to Confidential Material;

7

m.    deponents or witnesses, and their counsel, during the course of their testimony at deposition, trial, or other proceedings in this case;

n.    for purposes of witness preparation, any anticipated deponent or witness, in preparation for his or her deposition, hearing, or trial testimony, provided that the person identified in this paragraph may not retain copies of such Confidential Material;

o.    Highly Confidential Material may be disclosed only to the persons identified in subparagraphs (a) through (n) above, and to other persons by written consent of the Designating Person or order of the Court, provided all persons receiving Highly Confidential Material (other than the Court, its staff, and counsel of record) execute the Acknowledgment and Agreement to Be Bound (Exhibit A) before receiving any such material.

12.    **Redesignation and Nonwaiver.**

a.    In the event any Designating Person produces Confidential Material that has not been designated as such, the Designating Person may redesignate the information to the same extent as it could have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, and failure to designate material as "Confidential" or "Highly Confidential" at the time of production shall not constitute a waiver of confidentiality, either as to the specific material disclosed or as to any other material concerning the same or related subject matter.

b.    Upon timely redesignation, the Receiving Person must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

c.    Except to the extent provided in applicable case law, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence, the inadvertent production of documents, electronically stored information, or other information that the Designating Person believes in

good faith is subject to a claim of attorney-client privilege, attorney work product protection, or any other ground upon which production of such information may be lawfully withheld is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding if: (1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).  If the Designating Person informs the Receiving Person in writing that such information was inadvertently disclosed, the Receiving Person: (i) must promptly return, destroy, or sequester the specified information and any copies thereof; (ii) must not use or disclose the information until the claim is resolved; (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the Receiving Person was notified and prevent any further dissemination of the information; and (iv) may present the information to the Court under seal for a determination of the claim of privilege or other protection.

13.    **Other Proceedings.** By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

14.    **Amendment.** This Order may be amended by written stipulation of the Parties, subject to the Court's approval, or for good cause shown upon notice to all Parties and relevant nonparties and an opportunity to be heard.

15.    **Duration and Treatment of Confidential Material at Termination.**

a.    This Order will remain in full force and effect until or unless modified, superseded, or terminated by order of the Court.  The obligations of this Order shall survive the termination of this Action and continue to bind the Parties, their counsel, and all Receiving Persons.

b.    After final disposition of this Action (*i.e.*, the latter of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment in this Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions, applications for extension of time, or repleading under applicable law), each Receiving Person must, within sixty days, make reasonable efforts to destroy Confidential Material produced to that Receiving Person, and, if requested by a Designating Person, must certify in writing that it has done so.  Notwithstanding the foregoing, the Parties and their counsel may retain copies of attorney work product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to Confidential Material, with such papers remaining subject to the terms and conditions of this Order.  Further, this Order does not require the return or destruction of documents or information that a Receiving Person is required by law or court order to maintain, for such time as the law or court order requires it to be maintained, nor does it require the return or destruction of documents or information subject to a pending motion to compel production.

16.    **Additional Protections.** Nothing in this Order prohibits any Party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which Confidential Material will be treated at trial.

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Kevin M. Coen*
Kevin M. Coen (DE Bar ID #4775)
Elaine M. McCabe (DE Bar ID #7626)
1201 North Market Street
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
kcoen@morrisnichols.com
emccabe@morrisnichols.com


Robert R. Long (*pro hac vice*)
Elizabeth Gingold Clark (*pro hac vice*)
Timothy J. Fitzmaurice (*pro hac vice*)
William J. Lasker (*pro hac vice*)
**ALSTON & BIRD**
1201 W Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
robert.long@alston.com
elizabeth.clark@alston.com
tim.fitzmaurice@alston.com
will.lasker@alston.com

*Counsel for Defendants*


Dated: June 12, 2026

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Anthony M. Calvano*
Gregory V. Varallo (DE Bar ID #2242)
Anthony M. Calvano (DE Bar ID #6265)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com
anthony.calvano@blbglaw.com

-and-

Robert F. Kravetz (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
robert.kravetz@blbglaw.com

*Liaison Counsel for Lead Plaintiff SEB Funds AB*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Jamie M. McCall (*pro hac vice*)
Joshua E. D'Ancona (*pro hac vice*)
Nathan A. Hasiuk (*pro hac vice*)
Nathaniel C. Simon (*pro hac vice*)
Farai Vyamucharo-Shawa (DE Bar ID #7002)
Aubrie L. Kent (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmccall@ktmc.com
jdancona@ktmc.com
nhasiuk@ktmc.com
nsimon@ktmc.com
fshawa@ktmc.com
akent@ktmc.com

*Counsel for Lead Plaintiff SEB Funds AB and Lead Counsel for the Class*


IT IS SO ORDERED this 16th day of June, 2026.


_____
The Honorable Jennifer L. Hall
United States District Judge

11